HENRY SEGELKE, APPELLANT, *v.* ROBERT FINAN, RESPONDENT.

*Verdict of a jury — power of the court to insert therein nominal damages.*

Upon the trial of this action of replevin, the jury agreed upon the following verdict: "That the plaintiff is the owner and entitled to the possession of the property; that the value thereof is $200;" the jurors, on being polled, stating that they had not found anything as to damages. The judge directed that the words "and six cents damages for the detention thereof" be entered in the verdict. Thereafter, upon the motion of the defendant, the judge ordered the verdict to be stricken from the record, and granted a new trial.

*Held,* that he erred in so doing, as it was competent for the court to insert in the verdict nominal damages,

That the rule is well settled that, where the findings of a jury are free from ambiguity, and their intentions clear, the court has a right to make the verdict conform therewith.

APPEAL from order made in this action by the county judge of Queens county, expunging from the record the verdict of a jury, and granting a new trial.

*Charles Reinhardt* and *D. Cameron*, for the appellant.

*Daniel Brown* and *S. B. Noble*, for the respondent.

PRATT, J. :

This is an appeal expunging from the record a verdict and granting a new trial.

This was an action for the recovery of chattels (replevin) originally commenced in Justice's Court and taken to the County Court by appeal. The action was brought to trial in the County Court and was submitted to the jury upon the evidence of the plaintiff. The jury agreed upon a verdict except the words "six cents damages for the detention thereof," which the judge directed to be entered in the verdict, to wit. : " That the plaintiff is the owner and entitled to the possession of the property; that the value thereof is $200."

We think it was error to annul the verdict. The plaintiff, upon the evidence, was clearly entitled to have the court direct the whole verdict. The evidence is all one way and clearly proved that the property belonged to the plaintiff and that he was entitled to the possession thereof. But even assuming that it was a proper case to submit to the jury, it was competent for the court to insert in the verdict nominal damages.

The rule is well settled that where the findings of a jury are free from ambiguity and their intentions clear, the court has a right to make the verdict conform therewith. (*Rockfeller* v. *Donnelly*, 8 Cow., 652; *Burham* v. *Tibbits*, 7 How. Pr., 21; *Fitzhugh* v. *Wiman*, 9 N. Y., 559; *Beekman* v. *Bemus*, 7 Cow., 29; *Van Schoening* v. *Buchanan*, 14 Abb., 185, 468.)

It is to be observed that in this case the jury upon being polled expressed satisfaction with the verdict, except they stated they had found no damages. The fact that the court directed damages to the amount of six cents to be inserted in the verdict, did not prejudice any right of the defendant.

Section 1726 of the Code states that the verdict must fix the

damages, if any, but in this case no specific damages were proved, and the verdict was good as rendered in the first instance.

The cases of *Wood* v. *Orser* (25 N. Y., 348), and *Weeks* v. *Hart* (24 Hun, 181), relied on by respondent, are not in point.

The order of the county judge must be reversed, and plaintiff have judgment on the verdict.

BARNARD, P. J., and DYKMAN, J., concurred.

Order granting new trial reversed and judgment ordered for plaintiff upon the verdict, with costs of appeal.