FRANK B. HODGKINS, Respondent, *v.* SARAH F. MEAD, Appellant.

In an action upon an alleged contract to pay a sum specified for services rendered, the issue was as to the terms of the contract, it being conceded that if plaintiff was entitled to recover anything, it was the amount claimed, with interest. The court so charged, stating the precise sum plaintiff was entitled to, if the jury found a verdict in his favor. On adjournment of the court for the day, pursuant to stipulation of counsel, the jury were informed that they might seal their verdict; that they need not return in the morning to deliver it, but could deliver it to the officer in charge. The sealed verdict simply stated that the jury found for plaintiff. Upon reading the verdict the court stated it was a mistrial; no order setting aside the verdict was entered. At the same term a motion was made to amend the verdict, on an order to show cause, granted three days after the verdict, and on affidavits of the jurymen, to the effect that they all agreed upon a verdict for the full amount claimed, but being uncertain as to the exact amount stated by the court, signed the verdict supposing the amount would be inserted; the court amended the verdict by inserting the amount. *Held*, no error ; that the court had the power to make the amendment and in exercising its discretion was guilty of no abuse thereof.

*Jackson* v. *Williamson* (2 T R. 281), and *Rex* v. *Woodfall* (5 Burr. 2661), distinguished.

(Submitted January 13, 1890 ; decided January 28, 1890.)

Appeal from order of the General Term of the City Court of Brooklyn, made May 27, 1889, which affirmed an order of the court at a trial term, granting a motion on the part of plaintiff to amend or correct a sealed verdict herein.

The nature of the action, and the material facts are stated in the opinion.

*Sewall Sergeant* for appellant. In an action to recover money the jury must assess the amount of the damages. (Code Civ. Pro. § 1183.) If the jury fails to assess the amount of damages, there is no verdict. (*Clum* v. *Smith*, 5 Hill, 560; *Ex parte Cuykendall*, 6 Cow. 53; *Jackson* v. *Williamson*, 2 T. R. 281; *Davis* v. *Taylor*, 2 Chitty, 268; *Vaise* v. *Delamater*, 1 T. R. 11; *Carpenter* v. *Shelden*, 5 Sandf. 97; *Parker* v. *Laney*, 58 N. Y. 469; *Clark* v. *Richards*, 3 E. D. Smith, 93; *Dalrymple* v. *Williams*, 63 N. Y. 361, 363; *People* v. *Common Pleas*, 1 Wend. 300; 5 Burr, 2667; *Warner* v. *N. Y. C. R. R. Co.*, 52 N. Y. 443; *Dayton* v. *Church*, 7 Abb. [N. C.] 367; *Wells* v. *Cox*, 1 Daly, 515.)

*Henri Pressprich* for respondent. The court had power to so amend its records as to conform them to the truth and such power cannot now be questioned. (Code Civ. Pro. § 723; *Burhans* v. *Tibbits*, 7 How. Pr. 21; *Wells* v. *Cox*, 1 Daly, 515; *Hawks* v. *Crofton*, 2 Burr, 698; *Rockfeller* v. *Donnelly*, 8 Cow. 652; *Petrie* v. *Hannay*, 3 T. R. 659; *Cheetham* v. *Tillotson*, 4 Johns. 508; 2 Thompson on Trials, §§ 2642, 2643.) The power or jurisdiction of the court to make the order appealed from being established, the only question remaining is "whether a case is made calling for its exercise." (*Dalrymple* v. *Williams*, 63 N. Y. 361; *Wells* v. *Cox*, 1 Daly, 615.) Affidavits from jurors upon such a motion as is appealed from, to prove what their verdict, as actually found, was, and upon which to justify the court in making an order conforming the verdict, may be received. (*Dalrymple* v. *Williams*, 63 N. Y. 361; *Wells* v. *Cox*, 1 Daly, 515.) The point urged by appellant, in various forms, that the cause

had been submitted to the jury, that the jury had been discharged, that the jury was not present when the court made the order conforming the verdict rendered to the verdict actually found, cannot have any weight in the determination of this appeal. (*Dalrymple* v. *Williams*, 63 N. Y. 351.) The appellant cannot urge successfully on this appeal that the remarks of the presiding judge upon the opening of the sealed verdict partook of the nature of, and were, an order of the court, made after due deliberation, irrevocable and not to be set aside. (Code, §§ 724, 772.)

PECKHAM, J. This action was brought to recover the amount of one per cent commission as a real estate broker upon the sum of $80,000, being the purchase-price of certain real estate owned by appellant, which the plaintiff alleged he had procured a purchaser for upon the employment of the defendant.

The answer set up a special contract between the parties, by which the plaintiff was to claim and be entitled to no commissions except upon the performance by the proposed purchasers of the property, of the special contract of sale entered into between them and defendant, and the answer alleged a failure by the proposed purchasers, and that on account thereof the plaintiff had not earned his commissions. This was the sole question at issue between the parties, and it was assumed and conceded that if the plaintiff were entitled to a verdict at all, it was for the one per cent upon $80,000, with interest from the time it was due. The charge of the judge to the jury was explicit upon the point, and he stated in so many words that if the plaintiff were entitled to a verdict, he must recover his commissions upon the purchase-price, with interest, amounting in all to the sum of $848. The judge further said: "Now, you have a single question of fact to decide, whether you believe the testimony of the plaintiff, or the testimony of Mead, Sergeant and Meldrum, as to this arrangement made on the twenty-first day of February. If you find that there was an arrangement made that the com-

mission of plaintiff was conditional, then your verdict will be for the defendant, because the condition was never complied with. If, on the other hand, there was no condition, it is admitted here that the plaintiff was employed, and that he found a purchaser, and that the plaintiff would be entitled to a verdict." The precise amount of such verdict had already been stated by the court and there was no dispute about it.

The jury retired on the afternoon of March 8, 1889. The time of adjournment having been reached and the jury not having agreed, the court sent instructions to them that they might seal their verdict, and it was then agreed by the counsel for both parties that the jury need not return in the morning to deliver their verdict and that it might be sealed and received from the jury by the officer in charge and he should bring it into court in the morning. The jury agreed during the night and their verdict was written out by one of their number, signed by all, sealed and then delivered to the officer having them in charge, and thereupon they were discharged.

In the morning, at the opening of the court, the officer handed the sealed verdict to the court, who passed it to the clerk and told him to read it. The envelope was then broken and the verdict read aloud. It was as follows (after the title of the cause): "We, the undersigned, jurors empanelled in the above entitled action, do hereby certify that we find herein a verdict for the plaintiff." Signed by each juror. Upon the reading of the verdict, and according to the affidavit read on the part of the defendant, the court said, in substance: "This is what comes from letting a jury go. I will never do it again." The court then said to the counsel for plaintiff: "If you have any motion to make I will hear it now." Plaintiff's counsel said he had none then, but he would like time to consider it, to which the court said, in substance, that he must make it then or not at all, and the court then continued and said that it was a mistrial, and the counsel for defendant then withdrew from the court room, and no permission was granted plaintiff's counsel to make any

motion whatever while counsel for the defendant was in the court room. This statement of the agreement for the sealed verdict and for dispensing with the return of the jury, together with the recital of what took place when the verdict was opened in the morning in the court room, is taken from the affidavit used on the part of the defendant to oppose the motion made on the part of the plaintiff to amend the verdict. No order setting aside the verdict was ever entered, and there is nothing to contradict the implication arising from all the facts that the remark of the learned judge as to the mistrial was an informal expression of a hasty opinion, upon which no proceeding was ever based, and which opinion upon reflection he subsequently altered.

The counsel for the plaintiff, within three days of the bringing in of the verdict, and at the same term of the court, procured the affidavits of all the members of the jury to the effect that they all agreed upon a verdict for the plaintiff for the full amount claimed, and interest, but being uncertain as to the exact amount stated by the court made out a sealed verdict for the plaintiff, which each signed, supposing that the correct amount would be inserted at the opening of the court on receipt of their verdict, and each juror said it was his intention to find a verdict for the plaintiff for the full amount stated by the court. Upon these affidavits, and upon a copy of a charge of the judge, and upon the pleadings and the affidavit of the plaintiff's attorney, and at the same term of the court, on the twelfth of March, an order to show cause was granted, returnable on the fourteenth instant, why the verdict should not be amended by adding to the same the words, " for the sum of eight hundred and forty-eight dollars," after the words, " We find herein a verdict for the plaintiff." On return of the said order the court made the amendment asked for.

There is no conflict in the record as to the main facts. It is nowhere denied that the charge of the judge correctly stated the issue between the parties, nor is there any claim made that if the plaintiff were entitled to recover at all he

might properly recover any other than the precise sum stated by the court.

The only question in the case now before us arises upon these conceded facts, and it is simply whether the plaintiff shall have the benefit of the verdict of the jury by merely adding to its written portion the amount really agreed upon by them and which it is conceded on all hands the plaintiff was legally entitled to, if entitled to a verdict in his favor at all. It is said that the affidavits of the jurors were obtained *ex parte*, and three days after the verdict was actually rendered, and that to allow such an amendment is to throw open the doors to much loose practice and to bring questions before the court of a nature to require an investigation into the transactions or proceedings of the jury room, which can be determined only by *ex parte* affidavits or statements, and that, in short, to grant such an amendment would be most impolitic and would establish a bad precedent.

In following rules of practice for the due and orderly administration of the law, care should be taken that justice is not smothered by a too slavish adherence to the mere forms and technicalities of procedure. A slight attention to the facts in this case, it seems to us, will give the best and indeed a perfectly conclusive answer to these objections. Here we have an action to recover a certain amount upon contract. There is no element of unliquidated damages in it. The plaintiff is entitled to recover a sum certain, known, conceded, if entitled to recover anything. The only issue in the case is one as to what the contract was, and if not what the plaintiff alleged it to be, then the defendant was entitled to a verdict. This is acquiesced in and conceded by the defendant. The judge so charges, and states the precise sum that the plaintiff is entitled to if he has a verdict in his favor. The jury agree upon a verdict and write it down in favor of the plaintiff, in accordance with the agreement arrived at by them, and they agree upon the sum named by the court. In such a case of absolutely uncontradicted facts, where a certain, definite, conceded amount follows a verdict for the plaintiff as certainly as the

night follows the day, it seems to me a mere travesty or mockery of justice to hold that no legal verdict has been arrived at, that the court is powerless to aid, and that the plaintiff must lose the benefit of the trial and the verdict actually agreed upon, and both parties must be put to the expense of proceeding *de novo* to a trial of the cause. Where the conceded facts are such as this case shows, I am quite certain that no bad precedent can be adduced from the court interfering to aid a verdict in regard to the meaning of which there cannot upon the facts be room for two opinions.

It is said that the fixing of the amount is an integral part of a verdict, and that the jury would have had power to have found a verdict for the plaintiff and to have given him a less than the conceded sum due him, if entitled to any verdict.

Even if this should be conceded, it is also true that in such an action as this is, *ex contractu*, the court would, on application, set such a verdict aside as being against or unsupported by the evidence; but here the whole jury unite in saying they meant to and did find a verdict for the full amount, and there is no hint of a denial, or a shadow of a suspicion that this is not the absolute truth. Under such a state of facts to refuse to give effect to the actual verdict of a jury, because in some other case where the facts were different, or not conceded, or were contradicted, a verdict should not be amended, is in my judgment to sacrifice substantial justice to the merest form or ceremony. As has been heretofore said by the late Judge ALLEN, no serious danger can lurk in the practice which may grow up under an exception to the general rule forbidding jurors to impeach their verdicts. "Applications," says that learned judge, in *Dalrymple* v. *Williams* (63 N. Y. 361), "will be rare, will be made before the judge presiding at the trial and while the whole subject is fresh in the minds of all, and never will be granted, except in cases free from reasonable doubt. Something must always be trusted to the discretion of the judge. Discretion cannot be withheld in all cases, because it may sometimes be abused."

That case bears a close resemblance to this in principle.

The action was for fraud, and the foreman of the jury announced as their verdict a general one in favor of the plaintiff against both defendants, and it was so entered. Upon application made thereafter, but on the same day, to the judge holding the circuit, on behalf of one of the defendants, an order to show cause at a day specified, during the same circuit, why the verdict should not be corrected, was granted. The order was based upon the affidavits of all the jurors, stating, in substance, that the verdict, as agreed upon by them, was in favor of defendant Williams and against the other defendant, for the amount named in the verdict entered, and that the announcement of the foreman was made through mistake and inadvertance. The court, upon the hearing of the motion, directed the verdict to be amended so as to conform to the actual finding. In this court the order was upheld, and it was said that " it would be a reproach to the administration of justice if a party could lose the benefit of a trial and a verdict in his favor, by the mere mistake of the foreman of the jury in reporting ·to the court the result of the deliberations of himself and his fellows." There are one or two differences of fact in the two cases.

In the 'case at bar the order to show cause was not granted until three days after the rendition of the verdict, while in the case cited the order was granted on the same day. But I see no special· virtue or power which is lost to the court by the going down of the sun before the granting of such an order. In the reported case, the fact as to what was the verdict of the jury was shown by the *ex parte* affidavits of the members of it, and that fact was in direct opposition to the verdict as actually given to the court and recorded, and upon which the jury had separated. There was, however, no doubt or contradiction of the fact that such a mistake had been made.

In the case at bar there is just the same utter absence of even a pretense that the jury did not, as a fact, agree upon a verdict for the plaintiff for the full amount claimed, but they mistakenly thought the court would, as a matter of course, fill in the amount when the fact appeared that the jury found a

verdict for the plaintiff. Upon the conceded facts there was a simple omission to embody in their written verdict the actual verdict that the jury had agreed to.

This case bears no analogy to either of the cases of *Jackson* v. *Williamson* (2 T. R. 281), or *Rex* v. *Woodfall* (5 Burr. 2661). In the first case the issues were as to the value of the vessel taken by the defendants, and witnesses had been sworn in regard to the fact. The action was trespass for the taking of the vessel. The jury actually brought in a verdict for thirty pounds damages, and the plaintiff subsequently produced affidavits from all the jury that they meant to give the plaintiff thirty pounds as damages for seizing and detaining the vessel, over and above the thirty-one pounds for which it had been sold. The court refused to amend the verdict. It was a case where the damages were unliquidated, and any amount could have been agreed upon by the jury, as one of the very issues in the cause was as to the amount of the verdict, even if plaintiff were entitled to one at all. The court merely said it was dangerous practice to interfere in such a case. Very likely it was. In a case where the demand for damages is unliquidated, and the jury merely finds a verdict for the plaintiff and does not fix the amount, perhaps it might be going too far to fix it by affidavits. This is no such case. The sealed verdict, as actually handed in and signed by the jury, fixed really and beyond peradventure the status of the plaintiff, and from such verdict the fact almost followed, as a legal conclusion, that the amount as directed by the court was the amount found by the jury. Certainly, when the written verdict is supplemented by the facts appearing in this case, no reason founded, as it seems to us, in justice and good sense can be given why the amendment asked for should not be allowed.

The verdict in the case of *Rex* v. *Woodfall* (*supra*), which was an indictment for a libel, was "guilty of printing and publishing only." The court refused to enter any judgment upon it because it was so ambiguous, and ordered a *venire de novo*.

The power of the court to make the amendment is, I think, decided in the *Dalrymple Case* (*supra*), where the authorities are referred to and commented upon by the court.

I think the court below had the power to make the order it did amending the verdict, and that in exercising its discretion it was guilty of no abuse thereof, and the order should be affirmed, with costs.

All concur except Ruger, Ch. J., dissenting.

Order affirmed.