## ANDREWS *v.* BREWSTER *et al.*

(*Supreme Court, General Term, First Department.*  October 24, 1890.)

1. PRACTICE IN CIVIL CASES—DISMISSAL AND NONSUIT.
     In an action for damages for breach of an agreement to devise real estate, a motion to dismiss the complaint, made at the trial on the ground that the agreement, being oral. is void at law as the foundation of an action for damages, though it may be enforced in equity, should not be granted where the complaint contains allegations entitling plaintiff to equitable relief, and where the court has jurisdiction, and is competent to give such relief.

2. APPEAL—DECISION—MODIFICATION OF JUDGMENT.
     On appeal from a judgment for plaintiff on a verdict, it appeared that the rule of damages applied in the court below was erroneous, and the amount of the verdict was therefore too great; but the evidence on the question of damages was substantially uncontradicted, and furnished all the *data* necessary to correct the verdict. *Held*, that the appellate court had power to reduce the verdict to the proper amount, and to direct judgment accordingly.

On reargument. Motion for new trial on exceptions.

Action by Blanche L. Andrews against William G. Brewster and Randolph W. Townsend, as executors, etc., of Seabury Brewster, deceased. Defendants' exceptions, taken on trial at circuit, were ordered to be heard in the first instance at the general term. At the hearing, the exceptions were sustained, and a new trial ordered. 9 N. Y. Supp. 114. Afterwards a motion for a reargument was granted, as to the question of damages only. 9 N. Y. Supp. 940, *mem.*

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Butler, Stillman & Hubbard*, (*William Allen Butler*, of counsel,) for plaintiff. *B. F. Einstein*, (*A. R. Dyett*, of counsel,) for defendants.

VAN BRUNT, P. J. In the disposition of the motion upon this reargument. it is not necessary to reconsider the points discussed in the previous opinion. We have examined the other exceptions which were then brought to our attention, and find none which require particular notice. A point is now made by the defendants which was not presented upon the previous argument, and which it may be necessary to briefly consider. It is urged that the agree-

ment which was established by the verdict of the jury was a parol agreement, partially, at least, to devise real estate to the plaintiff, and is absolutely void at law as the foundation of an action for damages, and various authorities are cited for the purpose of showing that, although in equity such agreements have been enforced, yet they cannot afford a good foundation for an action at law. Upon an examination of the record, however, it does not appear that this po'nt has been sufficiently raised. It is true that on the motion to dismiss the complaint one of the grounds stated was that the plaintiff has misconceived her remedy, which should have been by a suit in equity; but this formed no ground for a dismissal of the complaint. There were sufficient allegations in the complaint in any event to entitle her to equitable relief, and it would have been error upon the part of the court under such circumstances to have dismissed the complaint. *Sternberger* v. *McGovern*, 56 N. Y. 12. The defendant perhaps might have insisted that if any issues were to be tried by a jury they should be properly framed, and an application for final judgment made at the special term; but no such motion was made, the only motion being for a dismissal of the complaint when the court had jurisdiction both of the parties and the subject-matter, and the only question was as to the form in which relief was to be granted. At a time when courts of law and courts of equity were separate and distinct, this motion might have been made available; but when a court has both equitable and common-law jurisdiction, and is competent to give equitable relief as well as common-law relief, a motion to dismiss upon the ground that the party has not made the proper prayer for judgment cannot prevail. The parties having gone on and tried the cause, and the jury having passed upon the issues, there does not seem to be any reason now why the defendants should be allowed to raise this technical point.

Upon the previous decision it was the opinion of the court that an erroneous rule of damages had been applied. There seems to have been no question as to the amount of damages, and no argument addressed to the court or jury upon that subject; and no exception was taken to the statement of the court that the figures in regard to the damages had not been challenged. The controversy between the parties seemed to be as to the effect of the agreement and the right of the plaintiff to recover even if the agreement was established. An examination of the case shows that whether the amount of rents is to be taken, or the value of the estate is to be considered, the evidence is substantially uncontradicted; and the evidence in respect to the value of the estate was submitted for the express purpose of presenting before the court and jury what would have been the plaintiff's interest in the estate had the agreement which was established to the satisfaction of the jury been carried out. Under these circumstances, it does not seem that a new trial should be gone into, because the court has before it all the necessary *data* for the purpose of correcting the amount of the verdict. It is urged that the proof in regard to the value of the estate is not conclusive; but it would be impossible for a jury to come to any other conclusion in regard to the value of the estate than that which the evidence shows without contradiction to have been its amount. This court, therefore, although thinking that the court below, in its direction to the jury as to the amount of damages, submitted the case upon an erroneous theory, the correct amount appearing upon the record, has the power to reduce the verdict to the proper amount, and to direct judgment accordingly. The power of the court in this respect is illustrated by the case of *Hodgkins* v. *Mead*, 119 N. Y. 166, 23 N. E. Rep. 559. In that case, the jury, by its sealed verdict, found for the plaintiff, but stated no amount. Upon reading the verdict, the court stated that it was a mistrial, but no order setting aside the verdict was entered. At the same term, but a few days afterwards, a motion was made to amend the verdict upon affidavits of the jurymen to the effect that they had all agreed

upon a verdict for the full amount claimed, but, being uncertain as to the exact amount, signed the verdict, supposing the amount would be inserted. The court granted the motion, and amended the verdict by inserting the amount. This, upon appeal, was sustained. In the case at bar, there was to be no assessment of damages by the jury. They were directed as to the amount; there was no conflict of evidence as to the amount; and we do not have to go outside of the record for the purpose of ascertaining what the jury intended by their verdict. We think, therefore, that the case cited goes much further than is necessary to sustain the view taken by this court in respect to the reduction of the verdict to the amount which the plaintiff would have been entitled to recover had the court given a proper direction as the amount of damage. The net estate, after deducting judgments, expenses, commissions, and legacies, was $163,278.38, as conceded by the defendants; one-third of this was $54,426.12. This the plaintiff was entitled to recover. The verdict was for $57,681, and, upon the plaintiff stipulating to reduce the verdict to the former·amount, the judgment as so reduced should be affirmed, without costs of this appeal. All concur.