(2 App. Div. 610.)

### LOWENSTEIN v. LOMBARD et al.

(Supreme Court, Appellate Division, First Department. March 20, 1896.)

1. VERDICT—CORRECTION AFTER DISCHARGE OF JURY.

Code, § 723, provides that the court may, on the trial or at any other stage of the action, before or after judgment, in furtherance of justice, amend any process or other proceeding by correcting a mistake in the name of a party, or a mistake in any other respect. *Held*, that where the jury omit, by mistake, to add the interest to the sum plaintiff is entitled to recover, as directed by the court, the court may correct the verdict so as to include such interest, after the jury is discharged.

2. SAME.

The court charged that, if the jury found there was a contract to insure, they should find a verdict for plaintiff for the value of the goods lost, with interest from July 1, 1887; and that if they found there was no contract to insure, but that there was a failure by defendant to per-

form its duty as carrier, they could find for plaintiff for the value of the goods at place of delivery, with interest. *Held* that, where the jury found for the value of the goods without interest, the verdict could be amended by adding the interest.

Williams, J., dissenting.

Appeal from special term, New York county.

Action by Louis Lowenstein against Lombard, Ayre & Co. to recover the value of goods delivered to defendant by a firm of which plaintiff was the surviving partner, to be transported over their line of steamships, and which defendant failed to deliver to the consignee. There was a verdict in favor of plaintiff, and, from an order denying his motion to correct the verdict by adding interest, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Horace E. Deming, for appellant.

John A. Deady, for respondent.

INGRAHAM, J. This action was tried at a trial term of the superior court before a jury, and a verdict was entered for the plaintiff, such verdict recorded, and the jury discharged. Subsequently, at the same term of the court, the plaintiff made a motion to correct the verdict by increasing the amount so that it should include the interest upon the plaintiff's claim; and that motion was denied, on the ground, as recited in the order, "that the power of the court to amend the verdict as requested is involved in too much doubt to warrant the granting of the said motion." Although this phraseology is somewhat indefinite, still we think it is apparent that the court refused to exercise any discretion in denying the motion, but denied it because it did not consider that it had power to grant the application. The cases in which the court has power to amend a verdict seem to us to be clear. By section 723 of the Code, it is provided that:

"The court may, upon the trial, or at any other stage of the action, before or after judgment, in furtherance of justice, and on such terms as it deems best, amend any process, pleading, or other proceeding * * * by correcting a mistake in the name of a party, or a mistake in any other respect."

And within the power thus conferred is plainly the power to correct a mistake in a verdict either before or after judgment; and the power to correct a verdict so that the successful party shall recover the amount that the facts, as found by the jury, justify, under the law as determined by the court upon the trial, is well settled. See Hodgkins v. Mead, 119 N. Y. 166, 23 N. E. 559; Dalrymple v. Williams, 63 N. Y. 362. In Hodgkins v. Mead the jury were instructed that, if the plaintiff was entitled to recover, he was entitled to $848. The jury brought in a sealed verdict, by which they found simply a verdict for the plaintiff. After the jury was discharged, but at the same term of the court, the plaintiff made a motion to amend the verdict, by adding thereto the words "for the sum of $848." The court granted that motion, and it was held by the court of appeals that the court had the power to grant

the order that it did, and the order was affirmed. The sole question for us to determine, therefore, is whether or not the court, on the trial, distinctly held, as a matter of law, that the plaintiff was entitled to recover the amount of the damage and interest if the jury found in favor of the plaintiff upon the facts.

On this appeal, we cannot review the ruling of the court upon questions of law upon the trial. That ruling must be reviewed on an appeal from the judgment or a motion for a new trial. We must assume that the jury intended to follow the ruling of the court, and excluded from their verdict the amount of the interest upon the plaintiff's demand by mistake, if the court charged them expressly that the plaintiff was entitled, as a matter of law, to interest. The court charged the jury that:

"The plaintiff rests his right to recovery upon two grounds: (1) By reason of a special contract to insure the goods, by which the plaintiff might, in case of loss, have received from the insurance company the value of the goods; and (2) breach of a duty as a common carrier in sending the plaintiff's goods to sea in an unseaworthy vessel, or, as may be otherwise stated, a breach of contract as common carriers, arising from failure to deliver the plaintiff's goods."

As to the first ground of recovery, the court charged the jury that, if they found there was a contract to insure, they should find a verdict in favor of the plaintiff for the sum of $13,072, that being the value of the goods lost, with interest from July 1, 1887; upon the second ground, that if they found that there was no contract to insure, but that there was a failure on the part of the defendant to perform its duty as common carrier, they could find a verdict in favor of the plaintiff for the value of the goods at the port of delivery; and, if the plaintiff was entitled to a verdict, he was entitled to recover the value of the goods, as appeared upon the testimony, at the port of delivery, with interest from July 1, 1887; that this was claimed by plaintiff to amount to the sum already stated as the sum the jury might find in favor of the plaintiff under the ground on which he seeks to recover. The defendant then requested the court to charge that, if the jury should find a verdict for the plaintiff on the ground of failure to deliver the goods shipped on the Vidette, no interest could be allowed. The court refused so to charge. It thus appears that the court expressly instructed the jury that, if the plaintiff was entitled to recover upon either ground, he was entitled to a verdict for $13,072, being the value of the goods with interest. And, the jury having found a verdict for the plaintiff, it must be assumed that they found, on the facts, that the plaintiff was entitled to recover; and they were bound to apply the rule of law as stated by the court, and give to the plaintiff the amount stated by the court, namely, $13,072. And, as before stated, we must assume that the jury intended to follow this direction, and inserted the amount of $8,619.85 as the amount of the recovery by mistake, instead of the correct amount, under the charge of the court, to which the plaintiff was entitled. It does not appear from the record that counsel for the defendant requested the court to charge the jury that the interest upon either

of the grounds of recovery was in the discretion of the jury, or that they could award interest or not as damages, in their discretion. Nor does it appear from the record that the defendant excepted to the charge of the court that the plaintiff was entitled to interest in case the jury should find for the plaintiff. The only request that the defendant made was that no interest could be allowed, which, clearly, did not present that point. It does not appear that there was any question submitted to the jury as to the value of the goods at the port of delivery; and, from the whole charge, it is plain that the question submitted to the jury was whether the plaintiff was entitled to. recover the amount as fixed by the evidence. We think, therefore, that the court had power to correct the verdict so as to state correctly the amount to which the plaintiff was entitled upon a finding in his favor, and that the court should have granted the motion and corrected the verdict accordingly.

The order should therefore be reversed, and the motion granted, with $10 costs and disbursements.

VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ., concur. WILLIAMS, J., dissents.