WILLIAM E. DEAN, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

*Trial — mistake in announcing a verdict — the affidavits of jurors cannot be used to establish the mistake — a verdict entered at a Trial Term cannot be corrected by the Special Term.*

Where on the trial of an action the jury, under the charge of the court, might have rendered a verdict for the plaintiff for over $12,000, or for the defendant for over $26,000, or for either party for any lesser amount, and they in fact rendered a verdict in favor of the defendant for $18,000, it is not competent, on a motion by the plaintiff for a new trial, or to reduce the verdict as recorded and entered, to read the affidavits of jurors to the effect that a mistake was made in announcing their verdict (which was in writing) as $18,000 in favor of the defendant; that the jury meant to allow the defendant the sum of $18,000 upon an account, as between the plaintiff and the defendant, and that the verdict in fact was intended to be for the sum of $5,654.24 — particularly where the record itself does not show that any mistake was made, and, apart from the statements of the jurors themselves, there is no evidence that the verdict was not the verdict intended by the jury and the application is not based on mistake or error in respect to the merits, nor on irregularity or misconduct on the part of a juror.

*Semble,* that a motion to correct a verdict should be made at the Trial Term and not at a Special Term.

APPEAL by the plaintiff, William E. Dean, from an order of the Supreme Court, made at the New York Special Term, bearing date the 22d day of July, 1897, and entered in the office of the clerk of

the county of New York, denying the plaintiff's motion for a new trial or to correct the verdict.

*Charles W. Dayton*, for the appellant.

*Theodore Connoly*, for the respondent.

INGRAHAM, J. :

This action was tried at the Trial Term of the court with a jury. The jury rendered a verdict for $18,000 in favor of the defendant against the plaintiff, and that verdict was duly recorded and the jury discharged. The plaintiff then made a motion for a new trial on the judge's minutes under section 999 of the Code, which was duly denied and an order entered. Subsequently, upon affidavits of the plaintiff's attorney and several of the jurors, a motion was made for a new trial, or to reduce the verdict to the sum of $5,654.24, upon the ground that the jury had made a mistake in announcing their verdict as $18,000 in favor of the defend-. ant and against the plaintiff; that the jury meant to allow the defendant the sum of $18,000 upon the account as between the plaintiff and the defendant, and that this amount of $18,000 should be reduced by deducting therefrom the amount claimed by the plaintiff as due under the certificate given by the engineers.

By section 997 of the Code it is provided that, when a party intends to move for a new trial of an issue of fact, he must, except as otherwise provided by law, make a case and procure the same to be settled and signed by the judge by or before whom the action was tried ; and by section 998 of the Code it is provided that it is not necessary to make a case, for the purpose of moving for a new trial, upon the minutes of the judge who presided at the trial by a jury, or upon an allegation of irregularity or surprise. As no case was made and settled by the moving party, this motion could only be entertained upon the ground of irregularity or surprise, the motion for a new trial upon the judge's minute having been made and denied.

Counsel for the appellant expressly states that this is not an application to impeach a verdict for mistake or error in respect to the merits, nor to prove irregularity or misconduct on the part of a juror or his fellows. What the appellant seeks to do is to impeach

the amount of the verdict, claiming that the verdict as entered and recorded was not really the verdict of the jury. No rule is better settled than that the affidavits of jurors are not receivable to impeach their verdict; and this rule applies to a motion to impeach the verdict for mistake or error in respect to the merits, as well as to irregularity and misconduct of the jury. (*Clum* v. *Smith*, 5 Hill, 560; *Williams* v. *Montgomery*, 60 N. Y. 648.) In *Dalrymple* v. *Williams* (63 id. 361), ALLEN, J., in delivering the opinion of the court, says: "There are reasons of public policy why jurors should not be heard to impeach their verdicts, whether by showing their mistake or their misconduct. Neither can they properly be permitted to declare, with a view to affect their verdict, an intent different from that actually expressed by the verdict as rendered in open court. * * * But the rule is well established, and at this day rests upon well-understood reasons of public policy as connected with the administration of justice, that the court will not receive the affidavits of jurymen to prove misconduct on their part, or any act done by them which could tend to impeach or overthrow their verdict. This rule excludes affidavits to show mistake or error of the jurors in respect to the merits or irregularity or misconduct, or that they mistook the effect of their verdict and intended something different." What was sought to be proved here came within the express terms of the rule thus stated. It was not alleged that the jury announced a verdict different from that entered by the clerk and recorded as the verdict of the jury. The verdict rendered was a sealed verdict, and was opened and announced in open court. The jury were polled and the verdict then recorded. No mistake was made with the announcement of the verdict, for it was a written verdict, signed by the jurors and assented to by them when polled. To admit the affidavits of jurors that this verdict, thus stated and assented to by them and received by the court, was one different from that intended by the jurors, and that they wished to correct it, would open the door for the very mischief that the rule adopted was intended to prevent, and allow jurors, by affidavit, to change the verdict which was solemnly rendered in open court, and was received by the court as the verdict of the jury. The jurors say now that they intended to give to the defendant a verdict for $5,000 instead of $18,000, but this directly contradicts the verdict rendered,

which they assented to as the verdict, and which was received and recorded by the court as the verdict. The court was, therefore, entirely justified in refusing to receive these affidavits upon the motion for a new trial, upon the ground that the verdict was erroneous; and without the affidavits of these jurors, or the affidavit of the plaintiff's attorney, stating the result of conversations which he had had with the jurors, there was no evidence to show that any mistake had been made. Under the charge of the court the jury could have rendered a verdict for the plaintiff for $12,343.76, the amount claimed by the plaintiff, or could have rendered a verdict for the defendant against the plaintiff for $26,614.99, or a verdict for either party for any amounts within these limits. This verdict therefore, for the sum of $18,000 in favor of the defendant against the plaintiff was one that was justified by the evidence, and depended entirely upon the number of cubic yards of filling which had been actually furnished by the plaintiff. The record itself does not show that any mistake was made, and leaving out the affidavits or statements of the jurors as to the verdict they intended, and which the rule before stated forbids us to receive, there is no evidence to show that the verdict was not the verdict intended by the jury.

We think the court below correctly denied the plaintiff's motion either for a new trial or to correct the verdict. A motion to correct the verdict should be made to the court before whom the case was tried. A verdict once entered by the jury and recorded in court becomes the verdict of the court, and any motion to correct that verdict must be made to the court in which the verdict was recorded. There is no express provision that gives the Special Term of the Supreme Court power to change the record of the Trial Term, and I do not know where such power is given to it. Assuming, however, that the motion was properly made at Special Term, we think it was properly denied. The rule before referred to, that affidavits of jurors are not received to impeach their verdict, either for misconduct or mistake, applies as well to a motion to correct a verdict as to a motion to set it aside and direct a new trial.

The appellant relies upon several cases in which clerical mistakes in recording a verdict actually rendered by a jury, or in the amount

of the verdict as recorded, where such mistakes appear by the record, or from the testimony of what happened in the court room after the verdict was rendered, have been amended by the court in which the trial took place. The last case in the Court of Appeals is *Hodgkins* v. *Mead* (119 N. Y. 168). In that case there was no question as to the amount that the plaintiff was entitled to recover, if entitled to any verdict. The precise amount of such verdict had already been stated by the court, and there was no dispute about it. The jury handed in a sealed verdict which simply certified that they found a verdict for the plaintiff without specifying the amount. Subsequently, and at the same term of the court, a. motion was made, upon the affidavits of all the members of the jury, to the effect that they all agreed upon a verdict for the plaintiff for the full amount claimed and interest, but, being·uncertain as to the exact amount stated by the court, they made out a sealed verdict which each signed supposing that the correct amount would be inserted at the opening of the court on receipt of their verdict. Upon these affidavits, and upon a copy of the charge of the judge, and upon the pleadings and the affidavits of the plaintiff's attorney, and at the same term of the court, the court ordered the verdict amended by inserting the amount which it was conceded that the plaintiff was entitled to. And the Court of Appeals held that the court had power to make such amendment. PECKHAM, J., in delivering the opinion of the court, says: " Here we have an action to recover a certain amount upon contract. There is no element of unliquidated damages in it. The plaintiff is entitled to recover a sum certain, known, conceded, if entitled to recover anything. The only issue in the case is one as to what the contract was, and if not what the plaintiff alleged it to be, then the defendant was entitled to a verdict. This is acquiesced in and conceded by the defendant. The judge so charges and states the precise sum that the plaintiff is entitled to if he has a verdict in his favor. The jury agree upon a verdict and write it down in favor of the plaintiff, in accordance with the agreement arrived at by them, and they agree upon the sum named by the court. In such a case of absolutely uncontradicted facts, where a certain, definite, conceded amount follows a verdict for the plaintiff as certainly as the night follows the day, it seems to me a mere travesty or mockery of justice to hold that no

legal verdict has been arrived at, that the court is powerless to aid, and that the plaintiff must lose the benefit of the trial and the verdict actually agreed upon, and both parties must be put to the expense of proceeding *de novo* to a trial of the cause." In speaking of the case of *Jackson* v. *Williamson* (2 T. R. 281), which was a case almost exactly similar to the one at bar, the court say : " The court refused to amend the verdict. It was a case where the damages were unliquidated, and any amount could have been agreed upon by the jury, as one of the very issues in the cause was as to the amount of the verdict, even if plaintiff were entitled to one at all. The court merely said it was dangerous practice to interfere in such a case. Very likely it was." In *Jackson* v. *Williamson* (*supra*) the action was trespass for the taking of a vessel. The jury brought in a verdict for thirty pounds damages, and the plaintiff subsequently produced affidavits from all the jury that they meant to give the plaintiff thirty pounds as damages for seizing and detaining the vessel, over and above the thirty-one pounds for which it had been sold, and the court refused to amend the verdict. The case of *Lowenstein* v. *Lombard, Ayres & Co.* (2 App. Div. 610) was a case where the court had charged the jury that if they found for the plaintiff, he was entitled to recover a verdict for $13,072, the value of the goods lost, with interest. The court say : " The jury having found a verdict for the plaintiff, it must be assumed that they found on the facts that the plaintiff was entitled to recover ; and they were bound to apply the rule of law as stated by the court, and give to the plaintiff the amount stated by the court, namely, $13,072." The verdict which they rendered, however, was for $8,619.85 ; and it thus appeared from the record that the amount of the verdict must have been a mistake. We held that the court had power to correct the verdict so as to correct the amount which the plaintiff was entitled to recover upon a finding in his favor. The case of *Dalrymple* v. *Williams* (*supra*) was a case where the trial court had corrected a mistake in its entry of a verdict as against both defendants, when, in fact, the verdict was in favor of one of the defendants against the other defendant ; and the Court of Appeals affirmed that action of the trial court.

We think this case comes within the rule in which the affidavits of jurors cannot be received to impeach their verdict, and that

the verdict having been delivered in open court and duly recorded as the verdict of the jury, the Special Term of the Supreme Court would not have been justified either in setting aside that verdict or modifying it because of affidavits of jurors that a different verdict was intended to have been rendered.

The order appealed from should be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and McLAUGHLIN, JJ., concurred.

Order affirmed, with costs.