MAUD CRUIKSHANK, Appellant, *v.* WILLIAM J. CRUIKSHANK,
Respondent.

*Verdict of "not proven," corrected by the court and entered "no" — affidavits of
jurors as to their intent.*

In an action for divorce, in which thirteen issues had been submitted to the jury
under a charge that unless the party, on whom rested the burden of proof of
adultery, had proved it, the answer to the questions should be "no," the jury
rendered a verdict in which twelve of the issues were answered "no," while
the other was answered "not proven." The court stated that it understood
the jury to mean "no" by the words "not proven," and said that if it mis-
understood the jury the court desired to be corrected; no response being made,
it directed that the verdict be entered accordingly ; affidavits of each of the
jurors were afterwards submitted to the effect that the change in the wording
of the verdict expressed their true intent and verdict.

*Held*, that the trial court was justified in correcting the wording of the verdict,
especially so as this construction was put upon the words in the presence of
the jury and with their assent;

That the only effect of the affidavits was to fortify the trial court in its conclu-
sion, and that it was not error to receive them for the purpose of determining
the real intent of the jury.

APPEAL by the plaintiff, Maud Cruikshank, from an order of the
Supreme Court, made at the Kings County Special Term and entered
in the office of the clerk of the county of Kings on the 21st day of
December, 1898, denying the plaintiff's motion to set aside the ver-
dict of a jury.

*Vernon M. Davis* [*Almet R. Latson* with him on the brief], for
the appellant.

*James C. Cropsey*, for the respondent.

WOODWARD, J.:

This is an action for divorce, and, at the trial, thirteen issues were
submitted to the jury, the court charging that, unless the party on
whom rested the burden of proof of adultery had proved it, the
answer to the questions should be "no." The jury, after being out
nearly a full day, brought in a verdict, in which twelve of the issues
were answered "no," while the other was answered "not proven."
Counsel for defendant, immediately after the verdict was read and

before the jury was discharged, asked the court to direct the entry of the verdict and answer of the jury to the fifth question as " no," on the ground that the words " not proven " were equivalent to that. The court said that it had charged that, unless the party upon whom the burden of proof was to establish adultery had proved it, the answer to the question should be " no," and that that was what the court understood the jury to mean by its answer ; and stated that if the court misunderstood the jury in its conception of the verdict, it desired to be corrected. The jury made no response and the court then directed the verdict to be recorded as " no," to which the plaintiff excepted. Plaintiff then moved to set aside the verdict and for a new trial upon the ground that the answer " not proven," which was given by the jury, constituted a mistrial by the jury. The trial court reserved its decision upon this motion, and affidavits were afterward submitted from each of the jurors, in which it was stated that the change in the wording of the verdict was satisfactory to all of the jurors, and that it expressed their true intent and verdict. It was further stated that before the answer " not proven " was written down in the jury room the jury had agreed that, if it was decided by the court to be improper in form, the answer " no " should be substituted in its place, and that the recording of their verdict as " no " correctly expressed the intention and purpose of the jury.

In the case of *Hodgkins* v. *Mead* (119 N. Y. 166), where the jury had omitted to include in its verdict the amount due, simply finding a " verdict for the plaintiff," the court permitted an amendment of the verdict after the discharge of the jury, upon their affidavits that they had intended to allow the plaintiff the full amount of his claim ; and this action on the part of the trial court was sustained on appeal. In this case the court say : " In following rules of practice for the due and orderly administration of the law, care should be taken that justice is not smothered by a too slavish adherence to the mere forms and technicalities of procedure." In the case at bar it is conceded that the court might have directed the jury to retire and bring in a verdict in harmony with the charge, and unless we are to smother justice with a " too slavish adherence to the mere forms and technicalities of procedure," it would be difficult to sug-. gest a reason why the order in this case should be reversed.

As was said in the case of *Hodgkins* v. *Mead* (*supra*): " Where

the conceded facts are such as this case shows, I am quite certain that no bad precedent can be adduced from the court interfering to aid a verdict, in regard to the meaning of which there cannot, upon the facts, be room for two opinions." The burden of proving adultery was upon the plaintiff; the jury found that the fact of adultery was "not proven." This was clearly equivalent to answering the issue by "no," and the trial court was entirely justified in so construing the answer, especially so as this construction was put upon the words in the presence of the jury with a request to be corrected if it did not express the true verdict. (See *Brigg* v. *Hilton*, 99 N. Y. 517, 531.)

The affidavits of the members of the jury did not contradict or impeach the verdict in any sense; they merely served to make certain what was already sufficiently obvious, that the jury intended to find that, under the evidence, the defendant was not guilty of the adultery covered by the fifth issue. Whether this conclusion was stated by the use of the word "no," or by the words "not proven," is of no material importance so long as the verdict was made to express the fact agreed upon by the jury. The only effect of the affidavits is to fortify the learned trial court in a conclusion which could hardly have been different. It is clearly not error to receive them for the purpose of determining the real intent of the jury. (*Dalrymple* v. *Williams*, 63 N. Y. 361.)

We are clearly of opinion, and the authorities are in accord, that the learned trial court was authorized by section 723 of the Code of Civil Procedure in correcting the wording of the verdict without changing its intent or scope. (*Lowenstein* v. *Lombard, Ayres & Co.*, 2 App. Div. 610; *Humphreys* v. *Woodstown*, 7 Cent. Rep. 109, 114; *Petrie* v. *Hannay*, 3 Term Rep. 659; *McMahan* v. *McMahan*, 13 Penn. St. 376, 383.) "The rule is well settled," say the court in the case of *Segelke* v. *Finan* (48 Hun, 310), "that where the findings of a jury are free from ambiguity and their intentions clear the court has a right to make the verdict conform therewith."

The order appealed from should be affirmed, with costs.

All concurred.

Order denying motion for new trial affirmed, with costs.