DUERR v. CONSOLIDATED GAS CO. OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. May 5, 1905.)

TRIAL—AMENDING VERDICT—CORRECTION OF CLERK'S MINUTES.

In an action against several defendants, the jury rendered a sealed verdict, as shown by the stenographer's minutes, in favor of plaintiff and against one of the defendants; and, when the verdict was announced, one of the other defendants failed to object on the ground that it failed to express the intent of the jury, but two years later moved to amend the clerk's minutes so as to cause the verdict to appear to have been in his favor, also. *Held,* that the court had no authority to grant the motion, as it was, in substance, an application to amend the verdict of a jury.

Appeal from Special Term, New York County.

Action by Michael Duerr against the Consolidated Gas Company of New York and others. From an order amending the clerk's minutes of the trial, the gas company appeals. Reversed.

See 83 N. Y. Supp. 714.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

F. E. M. Bullowa, for appellant Michael Duerr.
David McClure, for appellant Consolidated Gas Co.
Frank Verner Johnson, for respondents.

O'BRIEN, J.  In December, 1903, this action was tried at a Trial Term of the Supreme Court, and the jury rendered a sealed verdict, as appears from the stenographer's minutes of the trial, in favor of the plaintiff, for the sum of $4,000 "against the Consolidated Gas Company." Counsel for defendants Logan then stated: "And of course, the verdict is in favor of the defendants Logan?" To which the court replied: "The verdict is against the Consolidated Gas Company, and excludes the Logans, of course." No steps were taken at that time to change or alter the form of the verdict, and it was recorded in the clerk's minutes as announced by the jury. Over two years afterwards, and in March, 1905, the defendants Logan moved at Special Term to amend the clerk's minutes by inserting therein after the words "Against the Consolidated Gas Company" the additional words "and in favor of the defendants William J. Logan and Frank J. Logan." This motion was granted, and from the order entered thereon this appeal is taken.

In our opinion, the court at Special Term had no power to make the order. While the motion was nominally to correct the clerk's minutes of the trial, it was, in substance, an application to alter or amend the verdict of a jury, announced by them, and this is the effect of the order appealed from. Although the jury had agreed upon and prepared a sealed verdict, and this verdict had been announced and entered in the minutes of the clerk, it was neither final nor conclusive if it failed to express the true conclusion at which they had arrived. It cannot be doubted that, before they severed their relation as jurors to the case, their power over the verdict remained, to the extent, at least, that they had the right to alter it so that it should conform to their real intention and purpose. Warner v. N. Y. C. R. Co., 52 N. Y. 437, 11 Am. Rep. 724. But if there was any objection to the verdict as announced, upon the ground that it failed to express the intent or conclusion of the jury, that objection ought properly to have been urged at the time the verdict was announced, and before it was recorded, so that the jury might have been sent back to reconsider and correct it as they saw fit, either in form or substance. Brigg v. Hilton, 99 N. Y. 531, 3 N. E. 51, 52 Am. Rep. 63. The defendants Logan, however, took no steps, either at that time or during the term of the court, to have it corrected, if they considered it in any respect defective. While it has been held that, even though the jury is discharged, the court has the power to correct the verdict so as to make it conform to the real determination of the jury, if the motion is made at the term of the court at which the verdict was rendered (Hodgkins v. Mead, 119 N. Y. 166, 23 N. E. 559; Dalrymple v. Williams, 63 N. Y. 361, 20 Am. Rep. 544; Lowenstein v. Lombard, Ayres & Co., 2 App. Div. 610, 38 N. Y. Supp. 33; Dean v. Mayor, 29 App. Div. 350, 51 N. Y. Supp. 586; Cruikshank v. Cruikshank, 38 App. Div. 580, 56 N. Y. Supp. 699), nevertheless we find no authority which holds that a court other than the one which tried the case, or that court after the term is ended, has the

power to correct in a substantial particular the verdict as actually rendered. In Dalrymple v. Williams, supra, the foreman of the jury announced a general verdict in favor of the plaintiff and against both defendants, and it was so entered. Application was made upon the same day to the judge holding the circuit, on behalf of one of the defendants, to correct the verdict on the ground that the announcement of the foreman was made through mistake and inadvertence, and that the true verdict agreed upon was in favor of the defendant who made the application and against the other defendant. The court granted the motion upon the affidavits of the jurors, and upon appeal this order was affirmed, but it was said:

"Applications of this character will be rare, will be made before the judge presiding at the trial and while the whole subject is fresh in the minds of all, and never will it be granted except in cases free from reasonable doubt."

In Dean v. Mayor, supra, Mr. Justice Ingraham, expressing the opinion of this court, said:

"A motion to correct the verdict should be made to the court before whom the case was tried. A verdict once entered by the jury and recorded in court becomes the verdict of the court, and any motion to correct that verdict must be made to the court in which the verdict was rendered. There is no express provision that gives the Special Term of the Supreme Court power to change the record of the Trial Term, and I do not know where any such power is given to it."

The fact that this application was made to the particular judge who sat at Trial Term when the case was heard does not alter the situation. His power after the Trial Term is ended is no greater than that of any other judge at Special Term, even though he naturally has more knowledge of what actually took place at the trial.

We think that the court had no power to make the order appealed from, and that it must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs to each of the appellants. All concur.