AARON E. SELIG, Respondent, Appellant, v. LEO J. ALEXANDER, Appellant, Respondent.

Second Department, December 13, 1918.

**Slander — words imputing misdemeanor and a larceny are actionable per se — form of verdict — when speaking of false words does not imply malice.**

Words used by an employer imputing to his salesman a misdemeanor and a larceny, respectively, are actionable *per se.*

Where, in an action for slander, the foreman of the jury reports " we find the defendant guilty and fine him $500," but subsequently through questions by the clerk and also by the court, it is plain that the intent of the jury was to charge the defendant with $500 because he had slandered the plaintiff, exceptions to the form of the verdict were not well taken.

The court properly refused " to charge that if the jury finds that the words were falsely spoken that they may from that fact infer malice and within

their discretion allow in addition to general damages a further sum as punitive damages," because the statement " if the words were falsely spoken " is not equivalent to a statement " if the words at the time were known by the defendant to be falsely spoken."

Words spoken may be false and yet not imply malice, but when one speaks words which are false, which he knows at the time to be false, then malice may be implied.

APPEAL by the defendant, Leo J. Alexander, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 1st day of March, 1916, upon the verdict of a jury for $500, reduced by stipulation to $100, and also from an order entered in said clerk's office on the 25th day of March, 1918, denying defendant's motion for a new trial made upon the minutes.

Plaintiff appeals from so much of said order as reads as follows: ." Ordered that the said motion be and hereby is granted, unless the plaintiff stipulates to reduce said verdict to the sum of $100."

*Theodore E. Larson* [*H. T. Randall* with him on the brief], for the plaintiff.

*Emil E. Fuchs* [*George Cohen* with him on the brief], for the defendant.

JENKS, P. J.:

Plaintiff sued for slander and recovered a verdict at Trial Term for $500, which, when confronted with the alternative of a new trial, he stipulated to reduce to $100. Both parties appeal.

The proof is sufficient to establish these facts: Plaintiff worked for the defendant's firm in selling whisky on commission. He was authorized by defendant to represent to customers that the firm had Hennessy Three Star brandy for sale in bulk, to solicit orders therefor and to state to customers that decanters or bottles bearing the trade mark of the maker of that brandy would be furnished by the firm to purchasers. Plaintiff obtained orders from two customers to whom he made such representation and statements. Brandy in bulk was received by the two customers, and also decanters or bottles. Thereafter, when one of the customers protested

to the defendant that the liquor was not of the kind represented by plaintiff, defendant stated to the customer that defendant was not selling it as Hennessy's brandy, he did not tell the plaintiff to do so, and that the plaintiff " had no authority " to do it. And when one of the said customers spoke to the defendant of the decanters which he had received, defendant said that either plaintiff or defendant's shipping clerk had stolen the decanters out of the firm's shipping room. Defendant told the other complaining customer that the decanters were sent to him without defendant's knowledge, by either the plaintiff or the shipping clerk. One of these witnesses, in describing the language used by the defendant, testified at one time that the defendant used the word " took," at another time " stole," but either expression was amplified by a statement that the defendant said the act done was without his knowledge or consent.

These words imputed to the plaintiff a misdemeanor (Penal Law, § 2354, subd. 8) and a larceny (Id. §§ 1290, 1298), respectively. They imputed a charge which, if true, would have subjected the plaintiff to infamous punishment. The said misdemeanor and the said larceny are punishable respectively by fine or imprisonment or both (Penal Law, § 2354, subd. 8), and so with larceny, even though it be but petit larceny (Id. §§ 1299, 1937). " A crime which might have been punished by imprisonment in a penitentiary is an infamous crime, even if the sentence actually pronounced is of a small fine only." (*The Paquete Habana*, 175 U. S. 682, citing *Ex parte Wilson*, 114 id. 417, 426.) The words, therefore, are actionable *per se*. (*Brooker* v. *Coffin*, 5 Johns. 188; *Widrig* v. *Oyer*, 13 id. 124. See the comment upon these cases in *Pollard* v. *Lyon*, 91 U. S. 230, 231; see, too, *Brooks* v. *Harison*, 91 N. Y. 83.)

When the jury returned their verdict, the clerk asked: " Gentlemen of the Jury, have you agreed upon a verdict? The Foreman of the Jury: We have. The Clerk: How do you find? The Foreman of the Jury: We find the defendant guilty and fine him $500. Defendant's Counsel: If your Honor pleases, I object to the form of the verdict as improper. The Court: Mr. Clerk, what is the verdict? The Clerk: Gentlemen of the Jury, you find for the plaintiff and against

the defendant in the sum of $500. The Foreman of the Jury: We do. Defendant's Counsel: I object to the form of the verdict. The Court: The jury says that they find in favor of the plaintiff and against the defendant in the sum of $500. Defendant's Counsel. Exception." It is plain that the intent of the jury was to charge the defendant with $500 because he had slandered the plaintiff. And that when the court inquired through the clerk, the jury assented to the form that expressed such intent. As to the verdict, the words of PECKHAM, J., in *Hodgkins* v. *Mead* (119 N. Y. 172) are applicable, when speaking of the verdict in that case: " in regard to the meaning of which there cannot upon the facts be room for two opinions." The defendant objected to the " form of the verdict as improper." He did not ask for retirement of the jury for reconsideration. In *Porter* v. *Rummery* (10 Mass. 64) the court say: " The general rule is, that although the verdict may not conclude formally or punctually in the words of the issue, yet if the point in issue can be concluded out of the finding, the court shall work the verdict into form, and make it serve according to the justice of the case." It was the duty of the court to see that the form of the verdict should be amended so as to express the intent, if the intent was sufficiently plain. The exceptions were not well taken. (See *Cruikshank* v. *Cruikshank*, 38 App. Div. 581, and cases cited; *Hodgkins* v. *Mead, supra.*)

Plaintiff's counsel· excepted to the refusal of the court " to charge that if the jury finds that the words were falsely spoken that they may from that fact infer malice and within their discretion allow in addition to general damages a further sum as punitive damages." It seems to me that the request was not so exact and precise as to entitle the plaintiff to the charge. " If the words were falsely spoken " is not equivalent to a statement " if the words at the time were known by the defendant to be falsely spoken." Words that a man speaks may be false and yet not imply malice, but when a man speaks words which are false, which he knows at the time to be false, then malice may be implied. (See Odgers Lib. & Sland. [5th Eng. ed.] 346, and cases cited.)

I think that the disposition as to the damages was entirely proper and within the rights of the court. The judgment

and order should be affirmed, but without the costs of this appeal.

Present — JENKS, P. J., MILLS, PUTNAM, BLACKMAR and KELLY, JJ.

Judgment and order unanimously affirmed, without costs of this appeal.