THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* DEDEMETRIO CAPUTALO and Another, Defendants.

Court of General Sessions, New York County, November 14, 1930.

*James D. C. Murray* of counsel [*Rice & Maguire*, attorneys; for the defendants in support of motion.

*Irving Mendelson, Deputy Assistant District Attorney [Thomas C. T. Crain, District Attorney]*, in opposition to the motion.

NOTT, J. These two defendants were tried and convicted before ALLEN, J., of assault in the second degree at the May, 1930, term of this court. Thereafter a motion was made before Judge ALLEN to set aside the verdict on the ground of newly-discovered evidence, the newly-discovered evidence being that the complaining witness

had a record of several convictions against him which was unknown at the time of the trial. The motion was granted and the defendants retried before me.

On the new trial the complaining witness admitted the convictions. The defendants, nevertheless, were convicted of assault in the second degree. They now move for a new trial on the ground that in some manner the jury became acquainted with the fact of the previous conviction before Judge ALLEN.

At my direction the jurors were summoned to the district attorney's office where they were examined by the trial assistant and the counsel for the defendants. The stenographic record of that examination shows that almost immediately after entering the jury room a ballot was taken which resulted in a vote of ten for guilty and two not voting. It appears that two of the members of the jury had in some way become cognizant of the prior convictions but that this fact was not mentioned until after a verdict was agreed upon. All the jurors, except one, state that the fact of the prior conviction was not regarded by them in any manner in reaching a verdict. One juror states that he heard the prior conviction mentioned and that it may have influenced him. His statement, however, is not competent evidence on which to grant a new trial for the reason that it is well settled that jurors cannot impeach their own verdict. (See Wigm. Ev. § 2349; *State* v. *Ferguson*, 114 La. 70; *People* v. *Sprague*, 217 N. Y. 373; *Clum* v. *Smith*, 5 Hill, 560; *Mitchell* v. *Carter*, 14 Hun, 448; *Dean* v. *Mayor*, etc., 29 App. Div. 350; *Williams* v. *Montgomery*, 60 N. Y. 648; *Dalrymple* v. *Williams*, 63 id. 361.)

The motion for a new trial is, therefore, denied.