HARRY WENNERHOLM, Plaintiff, *v.* GEORGE A. THIBERG et al., Defendants.

Supreme Court, Special Term, New York County, March 29, 1954.

*L. H. Raines* for defendants.

*Rhoades & Rhoades* for plaintiff.

EDER, J. Motion of defendants Thiberg and Amdex, Inc., to dismiss the complaint for failure of plaintiff to serve a verified statement of his post office address and residence as required by rule 9-a of the Rules of Civil Practice, is denied. The rule requires compliance within ten days and upon failure the action may be stayed or such other disposition of the action may be made, in the exercise of the court's discretion, as the interests of justice may require. One thing is certain, that before so drastic a decision is made as dismissal of the complaint, a very strong case must be made out for denying plaintiff his day in court.

Here, a statement verified by plaintiff personally could not be furnished as he is in Europe on a business trip, and in a manifest effort at compliance, as best possible in the circumstances, a statement verified on behalf of plaintiff was offered and refused.

The refusal was based on a technical stand, viz., the statement was not verified by plaintiff personally, despite the fact that the information sought was offered through a verified statement made on behalf of plaintiff. It would seem this should suffice. Be that as it may, the matter of compliance with the rule, viz., literal compliance and omission to do so, should be viewed with and in the light of the surrounding circumstances when a motion of this drastic character is made. As the court declared in *Hodgkins* v. *Mead* (119 N. Y. 166, 171), " In following the rules of practice for the due and orderly administration of the law, care should be taken that justice is not smothered by a too slavish adherence to the mere forms and technicalities of procedure." Accordingly, the motion to dismiss is denied, but movants may apply to stay the trial of the action unless a verified statement, signed by plaintiff personally, is served upon plaintiff's return from abroad.

Furthermore, it appears that the movants are in default in failing to complete their examination before trial and they are not authorized to move for a stay until such examination is completed. This is made a condition precedent to their right to apply for a stay.

As to plaintiff's cross motion to compel said defendants Thiberg and Amdex, Inc., to complete their examination before trial and in default thereof to strike out their answers, defendants are required to appear at Special Term, Part 2, on April 5, 1954, at 10:00 A.M. for the continuation and completion of their examination, and upon failure to do so their answers are deemed stricken out.

The motion for summary judgment dismissing the complaint of plaintiff Prang is denied. The court is of the view that the issues should be disposed of upon formal trial.

With regard to the application for an order granting leave to plaintiff Wennerholm to serve an amended complaint, this appears to present an academic matter in view of the dispositions here made.

Settle order.