(22 Misc. Rep. 117.)

FISCHER et al. v. COHEN et al.

(Supreme Court, Appellate Term.　December 27, 1897.)

1. REPLEVIN—ISSUES—SUBROGATION.
　　Where the conditional vendor of chattels, upon a default in the payment of an installment due on the contract, brings an action for replevin against one who has purchased the chattels at a public auction, the latter cannot, in that action, enforce any right he may possess to be subrogated to the vendee's right to redeem.

2. SAME—JUDGMENT.
　　Where, in such an action in a district court, the marshal, pending the action, has already delivered possession of the property to the plaintiff under the writ, a judgment for the return of the chattels to the defendant upon his depositing in court the balance due, with costs, may, upon appeal, be modified, under Code Civ. Proc. § 3213, so as to give judgment for plaintiff for the possession of the chattels recovered, with costs.

3. SAME—VERDICT—VALUE OF CHATTELS.
　　There is no provision of the Code requiring the verdict in an action of replevin to fix the value of the chattel, where it awards possession thereof to the person to whom it has been delivered by the officer.

Appeal from Eleventh district court.

Action by Henry B. Fischer and others against Jacques Cohen and others.　From judgment for defendants, plaintiffs appeal.　Modified.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Thomas F. Byrne, for appellants.

M. Esberg and A. C. Anderson, for respondents.

McADAM, J.　The action was in form for replevin to recover the possession of a piano alleged to belong to the plaintiffs, of the value of $200.　The piano was delivered to the defendant Belle Stanley, February 29, 1892, under a conditional sale agreement reciting that the vendee had given in exchange a Stoddart piano at $75, and paid $10, on signing the agreement, and providing that if she paid $25 on the 1st day of May, 1892, and $10 a month on the 1st day of every month thereafter, until the payment of the purchase price, $400, the agreed value of the instrument, the plaintiffs would deliver to her a bill of sale thereof.　The vendee paid in all $383, leaving $17 of the agreed $400 unpaid.　The contract also contained a provision that,

in case default was made in any of the payments or conditions, the plaintiffs might resume possession of the piano, and hold it until payment of the full price thereof.    The agreement was executed in duplicate, and one was delivered to the vendee, which obviated filing in order to give constructive notice.    Laws 1888, c. 225.    Stanley, the vendee, could not be found by the plaintiffs, and was not, therefore, served with process.    The piano was found in the possession of the defendant Cohen, who had purchased it in good faith at an auction sale for $81, and the action proceeded against him.    The instrument was taken from Cohen by the marshal under the replevin writ, and for want of a counter bond was delivered to the plaintiffs, in whose possession it now is.

The plaintiffs, under their contract, were entitled, even as against the defendant Cohen, to resume possession of the piano, and to hold it until the balance of the purchase price was paid, and were consequently entitled to judgment awarding such possession to them.    Upon possession being awarded to the plaintiffs, the defendant Cohen may in any manner he deems advisable litigate with them the question whether he is the successor in interest of the conditional sale vendee under the statute (Laws 1888, c. 225), and have determined in such litigation any right to subrogation or redemption he may have.    It is sufficient to say that these questions are not before us for decision now.    Replevin is a possessory action, and the issue to be determined by it is the right of the parties litigant to possession of the subject-matter at the time the action was commenced.    Instead of rendering judgment in favor of the plaintiffs the justice in his return says:

"The case here closed, and I thereupon, to wit, on the 11th day of August, 1897, rendered judgment as follows: Upon deposit by defendant Cohen in court of $17, together with $5.50 costs, for the benefit of the plaintiffs, there will be judgment for the defendant for the return of the piano, without costs."

The justice must have determined, from the evidence, before he could have awarded the plaintiffs costs, that they were entitled to the possession of the piano; but, instead of awarding them a judgment therefor, he did what he evidently regarded as tantamount to it.    The difficulty with his equitable disposition of the controversy is that it finds no warrant in the law.    The judgment should have been in the form prescribed by section 1730 of the Code of Civil Procedure (made applicable to district courts by Consolidation Act, § 1343), which provides that "final judgment for the plaintiff must award to him the possession of the chattel recovered by him, with his damages, if any." An execution on such a judgment is specially provided for.    Code Civ. Proc. § 1731, made applicable to district courts by section 1343 of the consolidation act.    But no execution could issue on the provisional judgment rendered by the justice, because not in harmony with statutory requirements.

It is claimed by the respondent Cohen that the justice properly fixed the value of the plaintiffs' special property as against him, he having become the general owner, and Allen v. Judson, 71 N. Y. 77, Townsend v. Bargy, 57 N. Y. 665, and Fowler v. Haynes, 91 N. Y. 346, are cited in support of the contention.    An examination of those cases will show that the special owners prevailed as to the right of

possession, and, the property being in the custody of the general owners, it was held that, as against them, the sum to be paid in the event of failure to obtain possession of the property was only the value of the special ownership therein. But here the property was in the actual possession of the prevailing parties, and the judgment, when put in legal form, leaves it there undisturbed. They did not ask to recover anything in addition to the possession, except costs. The question of value was, therefore, quite immaterial. There is no provision in the Code requiring the verdict in an action of replevin to fix the value of the chattel where it awards possession thereof to the person to whom it has been delivered by the officer. Code Civ. Proc. § 1726; Claflin v. Davidson, 8 Civ. Proc. R. 46. As we have power to "reverse, affirm or modify the judgment appealed from" (Code Civ. Proc. § 3213), it must be modified by making it conform to statutory requirements; that is to say, there must be "judgment for the plaintiffs for the possession of the chattel recovered by them, with $5.50 costs." See Fitzhugh v. Wiman, 9 N. Y. 559, 565; Bank v. Kelly, 57 N. Y. 34; Goldstein v. Greenberg, 18 Misc. Rep. 61, 41 N. Y. Supp. 21.

Judgment modified accordingly, without costs. All concur.