Reynolds v. Insurance Co., 6 App. Div. 254, 39 N. Y. Supp. 885, that there should be a new trial. If practicable, we should remit the case to the trial court, in order that proper findings or a formal decision might there be made, as was done in the two cases first above cited; but this course canot be pursued, inasmuch as the judge who tried the case is now a justice of the appellate division in the Third department.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.

---

(54 App. Div. 126.)

### McLAIN v. MATHUSHEK PIANO MFG. CO.

(Supreme Court, Appellate Division, Second Department.   October 26, 1900.)

REPLEVIN—CONVERSION—COSTS—PLEADING—CONSTRUCTION.

> Code Civ. Proc. § 3228, entitles plaintiff to certain costs on the recovery of a judgment in his favor in an action to recover a chattel. Sections 1726, 1730, require the verdict and judgment in such case to fix the value of the chattel sought to be recovered. Section 1207 provides that, when an answer is filed, the plaintiff shall be entitled to any judgment consistent with the complaint made in the case and embraced within the issues. A complaint asked for the recovery of an organ, or for damages if it could not be returned, but alleged that it had been received by the defendant under a contract of exchange with a minor, and that the defendant refused or neglected to return it until the rescission of such contract. The verdict was for money damage, but did not fix the value of the organ, and a judgment thereon was accepted by the plaintiff. *Held*, that the complainant was not entitled to costs provided by section 3228, since, the complaint being consistent with an action for conversion, and the judgment being inconsistent with an action in replevin, the action would be considered an action for damages for the tort.

Appeal from trial term, Orange county.

Action by John G. McLain, an infant, by Mary G. McLain, his guardian ad litem, against the Mathushek Piano Manufacturing Company. From an order amending a judgment in favor of the plaintiff by striking out certain costs allowed the plaintiff, he appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, and HIRSCHBERG, JJ.

A. S. Embler, for appellant.
Lewis Hasbrouck, for respondent.

WOODWARD, J. The plaintiff, by his guardian ad litem, brought this action for the recovery of the possession of a certain organ, or its value, together with damages for its detention. The complaint, aside from the formal averments, stated that the plaintiff and defendant entered into an agreement by which the former purchased a piano of the defendant, and in part payment delivered the organ now in suit. Afterwards the plaintiff elected to rescind the contract, and returned the piano to the defendant, demanding the return of the organ. The defendant refused or neglected to return the organ, and the complaint demanded judgment "for the recovery of the posses

sion of the said organ, or for the sum of fifty-five dollars, the value thereof, in case a delivery thereof cannot be had; together with twenty-five dollars, his damages, besides the costs of this action." Upon the trial the jury brought in a verdict for $35 for the plaintiff, and judgment was entered for $35, with $35 costs, under the provisions of section 3228 of the Code of Civil Procedure. Upon a notice for a retaxation of costs, defendant objected to the inclusion of the costs, urging various grounds, but these were overruled, and the costs were fixed at $35. Subsequently a motion was made to set aside this retaxation of costs, resulting in the order appealed from.

We are of opinion that the order appealed from should be affirmed. The complaint, while apparently drawn for the purpose of recovering a chattel, sets forth facts equally consistent with an action for conversion, and the judgment, which was accepted by the plaintiff with no effort at reformation, does not bring the case within the provisions of section 3228 of the Code of Civil Procedure, because the value of the chattel is not fixed by the verdict, as required by section 1726 of the Code. While it is true, as urged by the plaintiff, that the complaint determines the character of the action, which cannot be changed by the answer, where the facts alleged in the complaint are equally consistent with one of two or more causes of action, and the plaintiff accepts a judgment which is within the issues and consistent with the case made by the complaint (section 1207, Code Civ. Proc.), he is not in a position to urge that he is entitled to the costs which would have followed had the judgment been in accord with his original intention. This is the view taken by the court in Wilsey v. Rooney (Sup.) 16 N. Y. Supp. 471, and is consistent with the policy of the law, which seeks to relieve courts of record of the burden of dealing with actions which may properly be disposed of by the inferior courts. The action, by consent of the plaintiff, having taken the form of one for conversion, and the verdict and judgment entered not being such as are required by sections 1726 and 1730 in actions for the recovery of a chattel, the rule for the assessment of costs laid down in section 3228 of the Code has no application in the present case. The order appealed from should, therefore, be affirmed. See Hammond v. Morgan, 101 N. Y. 179, 185, 186, 4 N. E. 328; Conklin v. McCauley, 41 App. Div. 452, 456, 58 N. Y. Supp. 879.

The order appealed from should be affirmed, with costs. All concur.