(45 Misc. Rep. 293.)

### HITCHCOCK v. WIMPLEBERG.

(Supreme Court, Special Term, Saratoga County. November, 1904.)

1. REPLEVIN—GENERAL VERDICT—JUDGMENT—AMENDMENT.
    Plaintiff sued to recover possession of a gold watch, demanding judgment for its return or its value. Defendant gave evidence that he had destroyed the watch, and plaintiff asked for verdict in the alternative for its return or its value, and the court instructed that, if the jury found for plaintiff, they need only determine the value of the watch. The jury returned a verdict for $35, and judgment was entered for a return of the watch or for $35 and costs. *Held*, that a motion by defendant to amend the judgment by striking out the provision for the return and for costs on the ground that plaintiff consented to a change in the action from one to recover a chattel to one for conversion by accepting the verdict should be denied.

2. SAME—IRREGULAR VERDICT.
    Where a verdict in replevin was irregular in form through the fault of the court, and not of plaintiff, and was rendered against the objection of plaintiff, a claim that plaintiff had consented thereto was without foundation.

**3. SAME.**
> Code Civ. Proc. § 1726, providing for a general verdict in replevin, on which plaintiff may, if he chooses, enter a judgment for the return of the property or its value, does not render a verdict for plaintiff assessing the damages irregular.

Action by Edward F. Hitchcock against Benjamin Wimpleberg. Judgment for plaintiff. Motion by defendant to amend judgment denied.

J. H. Bain, for the motion.
George E. Brimmer, opposed.

SPENCER, J. This action was brought to recover possession of a gold watch of the alleged value of $75. The complaint demanded judgment for its return or value in the form usual in actions for a chattel. On the trial the defendant gave proof that he had destroyed the watch. The plaintiff asked that the verdict, if in favor of the plaintiff, be in the alternative for a return of the watch, or for its value; but the court, under defendant's objection, told the jury that, in case they found for the plaintiff, they need only determine the value of the watch, as there was no dispute; but that the defendant had, by its destruction, put it beyond his power to return the same. The jury rendered a verdict for plaintiff, assessing the value of the watch at $35. The plaintiff thereupon entered judgment in the usual form of actions for a chattel, viz., for a return of the watch, or its value of $35, and for $35 costs. The defendant now moves to amend the judgment by striking out the provision for a return of the watch and for costs, claiming that the plaintiff, by accepting the verdict, consented to a change in the form of his action from an action for a chattel to conversion; and cites McLain v. Mathushek Piano Mfg. Co., 54 App. Div. 126, 66 N. Y. Supp. 397, in support of his contention.

If the verdict is irregular in form, it was the fault of the court, and not of the plaintiff or his attorney; and, as it was rendered against the objection of the plaintiff, it cannot, therefore, be said that the plaintiff consented thereto. But the verdict is not irregular. Section 1726 of the Code of Civil Procedure does not require the verdict in an action for a chattel to be in any particular form; at least it does not require it to award in express terms a return of the chattel. It has often been held that, where a verdict is general for the value of the property only, and judgment is entered thereon in the same form, the plaintiff may not require a return of the property, and may only enforce the judgment for the recovery of the value assessed; and the reasons for this are so clear and manifest that the cases where it has been so held need not be cited. But in an action for a chattel, although the verdict be a general one, the plaintiff may, if he chooses, enter a judgment in the usual form in the alternative for a return of the chattel or its value. A general verdict for plaintiff authorizes a judgment for the relief demanded in the complaint. Hammond v. Morgan, 101 N. Y. 179, 186, 4 N. E. 328. The case of McLain v. Mathushek Piano Mfg. Co., supra, cited by defendant, is not in conflict with this position. In that case the jury rendered a verdict for the plaintiff in the sum of $35, and the plaintiff entered judgment for that sum only, and not for a return of

the property, and it was held that by entering such a judgment he consented to a change in the form of his action; but in the case at bar the plaintiff has entered the appropriate judgment, and by so doing has not consented to any change in the form of his action. It is the complaint that determines the character of the action, and the allegations of the answer and the form of the verdict do not change its character. The court may permit the plaintiff to take any judgment consistent with the case made by the complaint. Code Civ. Proc. § 1207. The motion is, therefore, denied, with costs.

Motion denied, with costs.