(Surrogate's Court, Rensselaer County. November, 1904.)

**1. WILLS—TRUST—CONSTRUCTION—PAYMENT OF INCOME.**

Testator bequeathed his estate in trust, the income and so much of the principal as might be necessary to be paid to testator's wife and daughter for their support and maintenance· in equal payments, on the death of either the income and so much of the principal as might be necessary to be paid unto the survivor for her support. *Held*, that the trustee was entitled to make payments of the income directly to the beneficiaries.

**2. TRUSTS—INCOMPETENT BENEFICIARY—PAYMENTS TO GUARDIAN.**

Where a beneficiary entitled to the income of a trust estate was declared incompetent by the court of a sister state, and a guardian of her person and property appointed, the income of the trust fund was properly paid over to such guardian.

**3. SAME—DISCRETION OF TRUSTEE.**

Where a will provides that the income of a trust fund and so much of the principal as may be necessary shall be paid over to the beneficiary for her support, the trustee is chargeable with the exercise of discretion as to the principal, and should not use any part thereof until shown that it was necessary for the comfortable support and maintenance of the beneficiary.

**4. SAME—USE OF PRINCIPAL.**

Where a trustee is authorized to pay over to the beneficiary of a trust fund so much of the principal as is necessary for her support, and makes such payment, he is not chargeable with the duty of supervising its expenditure.

**5. SAME—COMMISSIONS OF TRUSTEE.**

Where a testamentary trustee dies before the termination of his trust after receiving one-half commissions for receiving the principal of the trust fund, his executor is not entitled to the remaining half commission for paying to the substituted trustee the principal of the trust fund.

**6. SAME—DEATH OF TRUSTEE.**

On an accounting by an executor of a trustee who had paid over the entire income of a trust fund annually without deducting commissions, the Surrogate's Court was entitled to allow such commissions, it appearing that there was a sufficient accrued income in the hands of the trustee at the time of his death to pay such commissions.

**7. SAME—STOCK DIVIDENDS—INCOME.**

Where a trustee received as dividends on stock constituting part of the trust fund certain stock and bonds, which represented surplus earnings of the respective corporations issuing them, they constituted a part of the income, and not of the principal.

**8. SAME—PREMIUM ON BONDS.**

Whether premiums paid by a trustee for bonds in which the trust fund is invested shall be charged to the principal or income account depends upon whether the creator of the trust intended that the beneficiary should have the full income of the trust fund, in which case the premium should be charged to the principal, or whether it was his intent that on the termination of the trust the entire principal of the fund should pass to the remainderman, in which case such premium should be charged to the income.

In the matter of the accounting of Charles B. Fisk, executor of Andrew Pinney, deceased. Decree rendered.

Henry A. King and Henry J. Speck, for accounting party.

Hayner & Ward, for substituted trustee.

A. C. Comstock, special guardian, for Jennie P. Ingram, an incompetent person.

HEATON, S. Accounting by the executor of a deceased testamentary trustee. There is no contest between the parties as to the amount of receipts and disbursements, but the substituted trustee raises the following questions of law: First. She claims that the trustee has made improper payments of income when he has paid over the income annually to the guardian of the person and property of the life beneficiary, appointed as such by the probate court of Massachusetts according to the law and practice in that state, said beneficiary being an incompetent adult. The substituted trustee claims that the trustee should have personally expended so much of the income as was necessary for the support and maintenance of the life beneficiary, and that, as his paying it over to the guardian was an improper payment, and not an execution of the duties devolving upon the trustee, and resulted in the depletion of the income by making it liable to other expenses and commissions which might be allowed to the guardian by the probate court in Massachusetts. Second. The substituted trustee objects to the allowance of commissions to the estate of the deceased trustee for disbursing and paying over to the substituted trustee the principal of the trust estate, such trustee having upon a prior accounting in this court been allowed one-half commissions for receiving the principal of the trust estate. Third. The trustee not having retained his commissions upon the income annually as he paid over the income to the beneficiary, the question arises whether or not the same may be now allowed in bulk upon this accounting. Fourth. The substituted trustee claims that the $9,000 par value of Adams Express Company bonds allotted to the trustee as a holder of that amount of Adams Express Company stock should be held to be principal of the trust estate, and not income. Fifth. The substituted trustee claims that the dividend stock declared by the Chicago, Rock Island & Pacific Railroad Company to the trustee should be held to be principal and not income. Sixth. The substituted trustee contends that the premiums paid upon the municipal bonds purchased by the trustee, which will gradually be lost as the bonds approach maturity, should be made good from the income, and not from the principal.

The duties and obligations of the trustee are fixed by the terms of the trust, in the creation of which the testator bequeaths his estate to the trustee "for the following uses and purposes and for none other, that is to say, to carefully invest the same and to pay over the income thereof and so much of the principal as may be necessary for their comfortable support and maintenance unto my said wife, Lizzie Pinney Ingram, and my daughter Jennie P. Ingram, in equal payments to each so long as they both shall live, and upon the death of either my said wife or daughter * * * to pay over the income thereof and so much of the principal as may be necessary for her comfortable support and maintenance unto the survivor of them, and after the decease of my said

wife and of my said daughter, Jennie P., to pay over the balance then in his hands," etc. At the time of the death of the testator the daughter, Jennie, was a feeble-minded infant, living with her mother, and so long as the mother lived she had the care and control of the daughter. After the death of the mother the probate court of Massachusetts appointed a guardian of the person and property of the daughter in accordance with their law and practice of appointing guardians for incompetent adults, and the trustee has made the payments of income directly to said guardian, who has disbursed the same for the support and maintenance of his ward. There have grown up two methods of providing for beneficiaries under trusts of this class. One is to pay over the income to the beneficiary, and the other is to use and apply the income for the benefit of the beneficiary. Sherman v. Skuse, 166 N. Y. 345–350, 59 N. E. 990. Whether or not the trustee shall pay over the money to the beneficiary, or personally use, apply, and disburse it for the benefit of the beneficiaries, depends upon the language by which the trust is created. The statute itself provides that trusts may be created to use and apply income, but often the language of the statute has not been followed, and we find a direction to pay over the income directly to the beneficiary. The question arose very early whether a trust to pay over, which did not carry with it the duty of actual personal application of the income by the trustee himself to the designated use of the trust fund was a valid trust, but after much discussion the Court of Appeals finally settled the question in favor of its validity. Leggett v. Perkins, 2 N. Y. 297; Tucker v. Tucker, 5 N. Y. 408; Cochrane v. Schell, 140 N. Y. 516, 35 N. E. 971. A trust may be created which carries with it a duty to make personal application of the funds, as was the case in Matter of McCormick, 40 App. Div. 73, 57 N. Y. Supp. 548. In Matter of Smith, 12 N. Y. Supp. 415, affirmed 126 N. Y. 641, 27 N. E. 852, without opinion, it was held that the language of the will required the trustee to personally apply part of the income, but that the residue should be paid over to the beneficiary, since a construction that did not authorize the use and payment over of the whole income would result in an invalid accumulation. In that case the will required the trustee to pay certain taxes, etc., and then to pay the residue over and apply it to the support, etc. Here the direction to pay to the daughter is in no different words from those used in directing payment to the mother, and, if we should hold that it was the duty of the trustee to buy shoes and dresses for the daughter, we must also hold that the same services should be performed for the mother. It seems clear, therefore, that the language of the will and the intent of the testator authorize the trustee to make the payment of income directly to the parties named. It follows also that, the daughter having been adjudged by a court having jurisdiction to be incapable of managing her affairs, and there having been appointed a guardian of her property, such payment of income should be made directly to such guardian. Whether or not that will result in the income so paid over being subject to additional charges and expenses of the guardian, does not concern this court or the substituted trustee.

The trust must also be construed to require the payment of all the income, for, if it should be held that the trustee in this case was the judge

of how much of the income should be used for the support of the beneficiary, the result might be an invalid accumulation of income.

As to "so much of the principal as may be necessary for her comfortable support and maintenance," it is clear that the trustee is vested with the duty of discretion, and should pay part of the principal over to the guardian only when it is shown to the satisfaction of the trustee that some part of the principal is necessary for the comfortable support and maintenance of the ward. When such amount is determined and paid over, the responsibility of the trustee ceases, and he is not charged with the duty of supervising the expenditure of the same. Clark v. Clark, 23 Misc. Rep. 272, 50 N. Y. Supp. 1041.

Upon a previous accounting the trustee received commissions at one-half rate for receiving the principal of the trust fund. His executor now asks to be allowed the balance of the full rate as for paying over the principal. He refers to Matter of Allen, 96 N. Y. 327, as authorizing this court to fix a gross sum as compensation in event that this court declines to give the balance of the statutory rate. The case referred to is a case in the Supreme Court, and is by no means controlling in this matter. There the trustee was asking to resign, and he had never received any commission, and it was held that, as a matter of right, he could not claim any; but as he had performed services for the estate, for which he had received no compensation, it was held that it was within the power of the Supreme Court to make an allowance as compensation. A case very nearly parallel to the case at bar is Matter of Todd, 64 App. Div. 435, 72 N. Y. Supp. 277, where it was held that the estate of the deceased trustee was not entitled to commissions for turning over the property to the substituted trustees. This opinion cited with approval Palmer v. Dunham, 6 N. Y. Supp. 262, where, after one half commissions had been allowed a trustee, the other half was denied to the executors of the deceased trustee. The distinction seems to be that, if a trustee resigns, he forfeits all right to commissions, and can receive nothing for his services, or must accept such sum as the court sees fit to give; while, if a trustee dies, he is entitled to one-half commissions for receiving and nothing for paying over. Linsly v. Bogart, 33 N. Y. Supp. 975 (opinion of referee there given), affirmed 152 N. Y. 646, 46 N. E. 1148, without opinion.

The trustee appears to have paid over the whole income annually, and not to have retained his commissions upon such payments, and the question is now raised whether or not such action upon his part constituted a waiver of commissions. A trustee who accounts for and pays over income annually is entitled to retain full commissions upon such payments computed annually. Matter of Mason, 98 N. Y. 527; Matter of Selleck, 111 N. Y. 284, 19 N. E. 66; Hancox v. Meeker, 95 N. Y. 528. It seems that in this case not all the income is required for the support of the beneficiary, and that there is income which was in the hands of the trustee at his death, and which has since accrued sufficient to make payment of the commissions if they shall now be allowed. The cases which hold the doctrine of waiver against the trustee are mostly cases where, if commissions were then allowed, they must be paid from the principal of the fund, or from principal or income then

going to other persons. In cases like this, where there is no injustice to be done the beneficiary by allowing commissions to be taken now which had been paid over in preceding years, the rule as laid down in Matter of Slocum, 60 App. Div. 445, 69 N. Y. Supp. 1036, ought to prevail, and the commissions be allowed; and such commissions as can be paid from the income going to the life beneficiary are therefore allowed.

This trustee held $9,000 par value of Adams Express Company stock. In 1898 that company declared a dividend of 100 per cent., payable in interest-bearing bonds of the company, and the question arises whether such bonds are income or principal. A statement issued by the company shows that the amount distributed has been accumulating for many years from the surplus earnings of the company. These bonds therefore represent earnings, and not capital, and therefore go to the life beneficiary. Lowry v. Farmers' Loan & Trust Co., 172 N. Y. 137, 64 N. E. 796; McLouth v. Hunt, 154 N. Y. 179, 48 N. E. 548, 39 L. R. A. 230.

The ten shares of the capital stock of the Chicago, Rock Island & Pacific Railroad Company held by the trustee, and received by him as a stock dividend, must also, under the authority of the same cases, be declared to be income belonging to the life beneficiary. It appears in evidence that the company used accumulated earnings for improvements, bonding itself to return such money to the stockholders in stock or cash. Had the repayment been in cash, no one would have claimed that it was not income, and, being in the form of stock at the option of the company, it must also be considered income.

The question as to whether the premiums paid for bonds shall be charged against the principal of the estate or retained from the income must be decided in each case by determining the intent of the testator from the language of the will, the relation of the parties to each other, their condition, and all the surrounding facts and circumstances. McLouth v. Hunt, 154 N. Y. 179, 48 N. E. 548, 39 L. R. A. 230. If from all such sources it is determined that it was the intention of the creator of the trust that the beneficiary should have the full income, that the trust was created with a view to giving greater consideration to the interests of the life beneficiary, that the relation between the testator and the cestui que trust were of such a character that his first thought would be for such person, then the income should not be reduced by taking therefrom the premiums; but if, on the other hand, all these questions should be resolved in favor of the remaindermen, and it was apparent that the principal was to be turned over intact the premiums should be deducted from the income. New York Life Ins. & Trust Co. v. Baker, 165 N. Y. 484, 59 N. E. 257, 53 L. R. A. 544; Matter of Hoyt, 160 N. Y. 607, 55 N. E. 282, 48 L. R. A. 126. In the case at bar the beneficiary was a feeble-minded infant daughter of deceased at the time he made his will, and it is reasonable to suppose that he anticipated what has happened, viz., that she would always be dependent upon the provision made for her support. He has expressed his intention to provide for her before any other person by giving her, in addition to the income, as much of the principal as may be necessary for her comfort-

able support and maintenance. This provision shows that it was the intention of the testator that, where the rights of the daughter and the remaindermen conflicted, preference should be given to the daughter. From all these facts it must be held that the premiums must be paid from the principal. Let a decree be prepared accordingly.

Decreed accordingly.