EDWARD F. HITCHCOCK, Respondent, v. BENJAMIN WIMPLEBERG, Appellant.

*Replevin — when a judgment for the return of the article and, if that be impossible, for its value may be entered on a verdict for its value simply — what complaint states a cause of action in replevin as distinguished from one for conversion.*

The complaint in an action alleged that the plaintiff owned a watch, which was feloniously taken from him and which thereafter came into the defendant's possession; that the defendant had refused a demand made upon him for the watch and wrongfully detained the same; that the defendant had sold and disposed of the watch, with the intent to deprive the plaintiff of the use and benefit thereof; that the plaintiff, at the time of the commencement of the action, was the owner of said watch and was entitled to the immediate possession thereof; that by reason of the premises the plaintiff had been damaged in the sum of seventy-five dollars. The complaint concluded as follows: "Wherefore, plaintiff demands judgment against defendant for the possession of the said watch, or for the sum of seventy-five dollars ($75.00) in case possession thereof cannot be given to plaintiff, and for the sum of seventy-five dollars ($75.00) damages, together with the costs of this action."

Evidence was given upon the trial of the plaintiff's ownership of the watch, of its value and of the fact that the defendant had disposed thereof. The trial judge, in submitting the case to the jury, directed them to find, if for the plaintiff, for the value of the watch. The plaintiff's counsel thereupon requested the court to direct the jury to find an alternative verdict for the return of the watch, or, in case a return could not be had, for its value. The court refused to so charge, stating that it was admitted by the defendant that the watch could not be returned, having been destroyed; that the law did not require a useless thing. The jury returned a verdict for the plaintiff for the sum of thirty-five dollars. Thereafter judgment was entered, signed by the presiding judge, declaring the plaintiff's right of possession of the watch and directing that it should be returned or, if return was impossible, that plaintiff should be entitled to thirty-five dollars, its value, and that the plaintiff have judgment for thirty-five dollars costs.

*Held,* that a motion made by the defendant to correct the judgment so that it might conform to the verdict, and to strike out the provision for costs (thus conforming the verdict to that proper in an action for conversion) was properly denied;

That the complaint stated a cause of action in replevin and that the allegation contained therein to the effect that the defendant had sold and disposed of the watch with intent to deprive the plaintiff of the use and benefit thereof was not inconsistent with the intent of the pleader to proceed in replevin, as an action in replevin may be maintained against one who has had the custody and possession of the article claimed and has parted with possession of the same improperly before the commencement of the action;

That the allegation of damage in the complaint would be deemed an allegation of such damage as the plaintiff would be entitled to claim for the detention of the property;

That under the verdict the trial court properly entered a judgment in replevin in the alternative form required by section 1726 of the Code of Civil Procedure;

That the plaintiff had not consented to a change in the form of the action from one in replevin to one in conversion, and had not accepted the verdict as a verdict for damages in conversion;

That a cause of action for conversion is utterly inconsistent with one for replevin.

CHESTER, J., dissented.

APPEAL by the defendant, Benjamin Wimpleberg, from an order of the Supreme Court, made at the Saratoga Special Term and entered in the office of the clerk of the county of Washington on the 28th day of November, 1904, denying the defendant's motion to vacate a judgment entered in the action on the 10th day of November, 1904, or to correct the same to conform to the verdict, and to strike out the provision therein awarding costs to plaintiff.

The action is brought in replevin to recover the possession of a watch claimed to belong to the plaintiff. In the complaint it is stated that the watch had been disposed of by the defendant. Proof was offered upon the trial of the plaintiff's ownership of the watch, of its value and of the fact that the defendant had disposed of the watch.

In submitting the case to the jury the judge presiding directed them to find, if for the plaintiff, for the value of the watch. The plaintiff's counsel thereupon requested the court to direct the jury to find an alternative verdict for a return of the property, or, in case a return could not be had, for its value. This the court refused to charge, stating that it was admitted by the defendant that the watch could not be returned, having been destroyed; that the law did not require a useless thing. The jury returned a verdict for the plaintiff for the sum of thirty-five dollars.

Thereafter judgment was entered, signed by the presiding judge, declaring the plaintiff's right of possession of the watch and directing that it should be returned or, if return was impossible, that plaintiff should be entitled to thirty-five dollars, its value, and that the plaintiff have judgment for thirty-five dollars costs. Defendant thereupon made a motion to correct the judgment so that it might conform to the verdict and to strike out the provision as to costs.

This motion the Special Term denied, and from the order entered upon such decision the defendant has here appealed.

*James H. Bain*, for the appellant.

*George E. Brimmer*, for the respondent.

SMITH, J.:

Upon a judgment in an action of replevin, where the value of the property with the damages, if any, is found to be less than fifty dollars, the plaintiff is entitled to an amount of costs equal to the amount of the value and damages found. In an action for conversion a recovery of a judgment for less than fifty dollars makes the plaintiff liable to the defendant for the defendant's costs. It is thus apparent why the defendant is interested that the judgment be entered for a specific sum only, as in an action for conversion, following, as he claims it must, a verdict for a specific sum of money.

That this action is one in replevin seems to me unquestionable. The complaint alleges the ownership of the watch by plaintiff; that it was taken feloniously from the plaintiff, and thereafter came into the possession of the defendant, of whom demand was made for the watch, which was refused, and the defendant is charged with still wrongfully detaining the same from the plaintiff. In paragraph 3 it is alleged that the plaintiff, at the time of the commencement of the action, was the owner of said watch and entitled to the immediate possession thereof; that by reason of the premises plaintiff has been damaged seventy-five dollars. The demand for relief then follows: " Wherefore, plaintiff demands judgment against defendant for the possession of the said watch, or for the sum of seventy-five dollars ($75.00) in case possession thereof cannot be given to plaintiff, and for the sum of seventy-five dollars ($75.00) damages, together with the costs of this action." There is an allegation in paragraph 2 of the complaint, upon information and belief, to the effect that the watch had been sold and disposed of by the defendant with intent to deprive the plaintiff of the use and benefit thereof. The allegation of this latter fact, however, is in no way inconsistent with the intent of the pleader to proceed in replevin. The law is well settled that the action of replevin may be maintained against one who has had the custody and possession

of the article claimed and who has parted with the same improperly before the commencement of the action. (*Nichols* v. *Michael*, 23 N. Y. 268.)

The allegation of damage in the complaint will be deemed an allegation of such damages as the plaintiff would be entitled to claim for the detention of the property.

Upon the argument of this case some confusion existed as to the exact nature of the charge and as to the exact form of the verdict. The record unfortunately is not before us. The plaintiff's right to the possession of the watch was unquestionably submitted to the jury and the assessment of its value. That no question of damages was submitted to the jury, other than the question of the value of the watch, would seem to be shown by the affidavits of Bain and Trumbull. That the verdict of the jury was for the sum of thirty-five dollars simply and not thirty-five dollars "as damages" would seem to be established by the judgment itself, which recites the verdict as a verdict for "the sum of thirty-five dollars." While there were before the Special Term affidavits from which it might be inferred that the court, in the charge, submitted to the jury the question both of the value of the watch "and damages," and that the verdict of the jury was for thirty-five dollars "damages," upon a careful reading of those affidavits that inference is not a necessary one, and the court will be presumed to have found, in reaching its conclusion, any fact that may be necessary to sustain its order. That the court in fact determined that there was submitted to the jury only the question of the value of the watch, upon the question of damages, and that the verdict of the jury was for the sum of thirty-five dollars simply, is indicated by the statements of the learned judge at Special Term in his opinion. (*Hitchcock* v. *Wimpleberg*, 45 Misc. Rep. 293.)

By section 1726 of the Code of Civil Procedure the verdict in such an action must fix the damages, if any, of the prevailing party, and when it awards to the plaintiff a chattel which has not been replevied, it must also fix the value of the chattel at the time of the trial.

A verdict for the plaintiff for a specific sum of money under the charge of the court directing the jury to find who was entitled to the possession of the watch, and if the plaintiff was thus found

entitled that they should fix its value, contains by necessary inference every fact necessary to a verdict in replevin. Unless the plaintiff had been entitled to the possession of the watch the verdict would have been for the defendant. The specific sum stated under the charge given will be deemed to constitute a finding of its value. Under this verdict the court properly entered a judgment in replevin in the alternative form required by section 1730 of the Code of Civil Procedure.

In *Segelke* v. *Finan* (48 Hun, 310) the head note in part reads : " That the rule is well settled that, where the findings of a jury are free from ambiguity and their intentions clear, the court has a right to make the verdict conform therewith."

In *Fitzhugh* v. *Wiman* (9 N. Y. 559) the plaintiffs were entitled to certain sums for advances and freight and to the possession of certain property until such sums were paid. In that case the rule was stated : " Where the plaintiffs in such an action (replevin) recovered an absolute judgment for the amount of their advances and their prospective freight in one sum, being the precise amount which should have been assessed as the value of their special property, it was held that although the judgment was erroneous in form, under § 277 of the Code, a new trial was not necessary, but that the judgment might be modified by changing it into a judgment in the alternative for the recovery of the possession of the property or of the value already assessed in case a delivery could not be had."

These authorities would seem to give full warrant to the court to direct the entry of the judgment as it was entered and to justify the order appealed from denying the defendant's motion to correct the same.

This right to enter the proper judgment in this action is based upon reason and common sense. With every fact established necessary to a proper judgment it would be monstrous to compel the plaintiff to go back to a new trial of his action in order to have the form of the verdict corrected.

The appellant protests that in some way the plaintiff has consented to a change of the form of the action from one in replevin to one in conversion, and has in some way accepted the verdict as a verdict for damages in conversion, and thus the court was without power

to enter a judgment in replevin upon the verdict as rendered. While the plaintiff might have sued either for the possession of the watch or its conversion, he has distinctly elected to sue for the recovery of the watch itself. A cause of action for conversion cannot be deemed to have been alleged in the complaint because such a cause of action is wholly inconsistent with the cause of action for the recovery of the property. Words could hardly have been chosen to make more clear the plaintiff's election to proceed for the property itself and procure a judgment in replevin. In *McLain* v. *Mathushek Piano Mfg. Co.* (54 App. Div. 126) it was held : " An action in the Supreme Court, in which the complaint is apparently framed for the purpose of recovering a chattel, but sets forth facts equally consistent with an action for its conversion, and in which the plaintiff without objection accepts a general verdict for less than fifty dollars which does not award him possession of the chattel or fix its value, will be treated as an action for conversion, and the plaintiff will not be allowed costs." In that case there was an apparent consent on the part of the plaintiff to treat the action as one of conversion. Not only was no objection made to its submission to the jury as such, but plaintiff actually entered up judgment for the sum awarded by the verdict as damages. Such action was a clear election upon his part to waive his right to the possession of the property and to proceed as for conversion. In the case at bar, however, plaintiff has at all times insisted upon his right to a judgment for the possession of the chattel. He made clear his election in his complaint. He asked that the jury be directed to render a judgment in the alternative. It was through no fault of his that the jury was not properly charged, and that the form of their verdict was not appropriate to an action in replevin. Not only did he not enter up a judgment for damages as in an action for conversion, but still insisting upon his right to a judgment for the possession of the property, was permitted by the court to enter up the proper judgment in replevin. The waiver and consent found in the case cited is wholly absent from the case at bar. Upon principle and upon authority, therefore, the judgment was, I think, a proper one, and the defendant's motion was properly denied.

All concurred, except CHESTER, J., dissenting in opinion.

CHESTER, J. (dissenting):

In the prevailing opinion it is assumed that this is an action in replevin, but the complaint contains allegations which are appropriate to an action for conversion equally as well as to one for replevin. In addition to the allegations of ownership of the watch by the plaintiff and of the wrongful detention thereof by the defendant after demand therefor by the plaintiff, it is alleged that the " watch has been sold and disposed of by the defendant with the intent to deprive the plaintiff of the use and benefit thereof." The proof on the trial supported this allegation. It was shown that the defendant had taken the watch apart and disposed of the case to a dealer in old gold and that the works produced upon the trial were not the ones taken from the stolen watch. In the prayer for relief judgment is demanded for the possession of the watch, or for the sum of seventy-five dollars damages in case possession cannot be given to the plaintiff. The clerk has certified that the verdict was for the plaintiff for thirty-five dollars damages only. Such a verdict was appropriate to an action for conversion and not to an action for replevin. The watch had not been replevied, and the verdict did not award it to the plaintiff, or fix its value at the time of the trial, as it might have done under section 1726 of the Code of Civil Procedure. The jury by their verdict simply fixed the damages of the plaintiff as they were authorized to do by that section. The jury did not follow the instructions of the court to find the value of the watch at the time of the trial, and damages, if they found for the plaintiff, but they found for the plaintiff for a specific sum as damages. No motion was made or direction given to correct the verdict or to send the case back to the jury for further consideration. The verdict cannot be regarded as a special verdict under which the court might determine which party was entitled to judgment thereupon. Nevertheless, after the jury were discharged, there has apparently been an attempt, on an *ex parte* application to the justice who presided at the trial, to make the judgment accord with what the plaintiff thinks the verdict ought to have been in an action for replevin. I know of no warrant for such practice under the Code of Civil Procedure or any of the authorities.

It is urged that authority is found for the practice in sections 1189 and 1730 of the Code of Civil Procedure. Section 1189 pro-

vides that "upon the application of the party in whose favor a general verdict is rendered, the clerk must enter judgment in conformity to the verdict, unless a different direction is given by the court, or it is otherwise specially prescribed by law." It will not be assumed that under this provision, in an action at law, the court may direct the entry of a judgment not in conformity with the verdict, but it is urged that under section 1730 it is prescribed that final judgments in actions to recover a chattel must be in the alternative and that the form of the judgment entered here was required by that section. It is true that by that section it is provided that in an action to recover a chattel "final judgment for the plaintiff must award to him possession of the chattel *recovered* by him with his damages, if any," and that the same section provides that where, as here, the "chattel *recovered* was not replevied * * * the final judgment must also award to the plaintiff the sum fixed as the value thereof, to be paid by the defendant, if possession thereof is not delivered to the plaintiff." But that section should not bring the plaintiff relief here, for he has not "recovered" the watch or had its possession awarded to him by the verdict of the jury. The clause in the judgment directing that "pursuant to the verdict rendered" the plaintiff "recover from the defendant" the watch in question should be given no force as a recovery in the face of the verdict, which was for damages only and which did not award the possession of the watch to the plaintiff. Yet in the decision agreed to by a majority of the court, approval is given to a judgment not in conformity with the verdict, and which contains provisions not in any sense founded upon it. I cannot yield my assent to that method of procedure.

If the plaintiff was entitled to have the jury charged as requested by his attorney in the statement of facts, and there was error in the court's refusal to charge the request, conformity to well-established procedure should require, in order to correct that error, an appeal from the judgment when it is made to conform with the verdict rendered. (*Conklin* v. *McCauley*, 41 App. Div. 453.)

Regarded as an action for conversion, the verdict being for less than fifty dollars damages, the plaintiff is not entitled to costs (*McLain* v. *Mathushek Piano Mfg. Co.*, 54 App. Div. 126), and the provision awarding costs to the plaintiff should be stricken out.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to correct the judgment to conform to the verdict and to. strike out the provision awarding costs to the plaintiff granted, without costs.

Order affirmed, with ten dollars costs and disbursements.