JOHN D. RETTER, Respondent, *v.* HOWARD A. WEBBER, Appellant.

Fourth Department, June 29, 1926.

**Replevin — judgment — error to grant judgment for money only — verdict was sufficient to authorize proper judgment under Civil Practice Act, § 1124 — judgment corrected on appeal.**

In an action to replevy a team of horses and for damages for withholding the same, it was error to enter a judgment on the verdict of a jury for a sum of money only, consisting of the value of the horses and the damages for withholding, for under section 1124 of the Civil Practice Act, the judgment should have been for the possession of the horses together with the plaintiff's damages for detention, and for the value of the horses as fixed by the jury to be paid by the defendant if the horses are not delivered to the plaintiff.

It is clear, however, that the verdict of the jury in favor of the plaintiff fixing the value of the property and awarding damages for its detention impliedly awarded the possession of the horses to the plaintiff and contained every element necessary for a proper judgment, and, therefore, the Appellate Division corrects the judgment to conform with the requirements of the Civil Practice Act.

APPEAL by the defendant, Howard A. Webber, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Cattaraugus on the 29th day of April, 1925, upon the verdict of a jury, and also from an order entered in said clerk's office denying defendant's motion for a new trial made upon the minutes.

*William W. Waring,* for the appellant.

*James S. Pierce,* for the respondent.

PER CURIAM. The action is in replevin for possession of a team of horses, and for damages for withholding the same. The judgment entered on a jury verdict is for a sum of money only consisting of the value of the horses and the damages for withholding. The form of the judgment is improper. It should have been for the

13

possession of the horses together with the plaintiff's damages for detention, and for the value of the horses as fixed by the jury to be paid by the defendant if possession of the horses is not delivered to the plaintiff. (Civ. Prac. Act, § 1124.) Considering the way the case was left to the jury it is clear that the jury verdict in favor of the plaintiff fixing the value of the property, and awarding damages to the plaintiff for the detention of the horses by the defendant impliedly awarded the possession of the horses to the plaintiff and contained every element necessary for a proper judgment in accordance with the statute. This court, therefore, has power to correct the judgment. (*Fitzhugh* v. *Wiman*, 9 N. Y. 559; *First Nat. Bank of Cincinnati* v. *Kelly*, 57 id. 34, 41; *Hitchcock* v. *Wimpleberg*, 103 App. Div. 53, 57; *Scherl* v. *Flam*, 136 id. 753.)

The judgment should be modified by striking out the provision that the plaintiff recover of the defendant the sum of $968, and by inserting in place thereof provisions to the effect that the possession of the horses be awarded to the plaintiff, and that if the possession of the horses be not delivered to the plaintiff, the plaintiff recover of the defendant the sum of $500, the value thereof, and that in addition the plaintiff recover of the defendant the sum of $408 damages for withholding, and as so modified affirmed, without costs.

Present — Hubbs, P. J., Clark, Davis, Sears and Crouch, JJ. All concur.

Judgment modified in accordance with the opinion and as so modified affirmed, without costs of this appeal to either party.