RUDOLPH TAUBER, Respondent, *v.* NATIONAL SURETY COMPANY, Appellant.

Second Department, January 14, 1927.

Replevin — undertaking — action on undertaking — judgment in replevin was merely for damages — surety on undertaking cannot be held under Civil Practice Act, § 1128, unless judgment is in form required by Civil Practice Act, § 1124.

In an action against a surety on an undertaking given to discharge a writ of replevin, recovery cannot be had by the plaintiff where the judgment in the

replevin action is simply one for money damages, for the surety cannot be held responsible under section 1128 of the Civil Practice Act unless the judgment in replevin is in the form prescribed by section 1124 of the Civil Practice Act.

APPEAL by the defendant, National Surety Company, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 30th day of July, 1926, granting plaintiff's motion for summary judgment, and also from a judgment entered in said clerk's office on the 31st day of July, 1926, in pursuance of said order.

*Raymond G. Pollard* [*Joseph T. Magee* with him on the brief], for the appellant.

*Isidor E. Schlesinger* [*Samuel Gerstein* with him on the brief], for the respondent.

JAYCOX, J. In September, 1922, the Joseph Wachtel Printing and Binding Corporation brought a replevin action against Rudolph Tauber, the plaintiff herein. In that action the sheriff of the county of New York replevied certain chattels from the possession of the plaintiff. The usual undertaking upon replevin was given and this defendant was the surety thereon. By the undertaking the surety became " bound to the defendant in the sum of Ten Thousand dollars, for the prosecution of the action by the plaintiff against the defendant, for the return of the said chattels to the defendant, if possession thereby is adjudged to it or if the action abates or is discontinued before the said chattels are returned to the said defendant; and for the payment to the defendant of any sum which the judgment awards to it against the plaintiff."

The defendant in that action (the plaintiff in this action) interposed an answer, in which he prayed for the return of the chattel which had been seized, with damages for the seizure, and if the chattel was not returned, for the further sum of $10,000 damages. No allegation is made that any counterclaim was interposed. When the action was reached for trial the plaintiff (Wachtel Binding and Printing Corporation) made default. An inquest was taken and the jury rendered a verdict for $5,000 damages. Thereafter an execution upon said judgment was issued against the Joseph Wachtel Printing and Binding Corporation and the execution has been returned wholly unsatisfied and the judgment is wholly unpaid. This action is brought to recover the amount of that judgment from the surety on the undertaking in that action. The defendant in this action interposed an answer in which it denies knowledge or information sufficient to form a belief as to practically all of the allegations of the complaint. It also alleges, as a defense, that the undertaking has been canceled. It, however, states no

facts in the answer showing how or by what means the undertaking was canceled. An affidavit was submitted in opposition to the motion for summary judgment but it did not set forth any facts as to the cancellation of the undertaking.

The answer of the defendant, I think, raises no issue. The matters as to which it denies knowledge or information sufficient to form a belief are all matters of which it is charged with notice or are matters of public record. The affidavit filed in opposition shows no reason for this lack of knowledge or information. (*Halbe* v. *Adams, No. 1,* 172 App. Div. 186.) The question still remains, however, notwithstanding the insufficiency of the answer, does the complaint state a cause of action? The plaintiff is not entitled to summary judgment unless a cause of action is stated.

A copy of the judgment in the replevin action is attached to the complaint. It is the ordinary money judgment. No reference is made in it to the chattel or the return of the chattel, and the value of the chattel seized is not fixed. It merely recites the return of a verdict by the jury for $5,000, and judgment is entered for that sum, with costs. It is to recover this sum that this action is brought.

The Civil Practice Act (§ 1124) provides for the form of a judgment in a replevin action. In that section it is stated: " If the defendant has demanded judgment for the return of a chattel which was replevied and afterwards delivered to the plaintiff, * * * final judgment in his favor therefor must award to him possession thereof with his damages, if any; and it must also award to him the sum fixed as the value thereof, to be paid by the plaintiff if possession is not delivered to the defendant." These directions of the Civil Practice Act were entirely disregarded in the judgment entered herein. Upon such a judgment an action against the surety upon the undertaking cannot be maintained. (*Gallarati* v. *Orser,* 27 N. Y. 324; *Cook* v. *Freudenthal,* 80 id. 202; *Retter* v. *Webber,* 217 App. Div. 193.) The necessity of a judgment in the form prescribed by statute is made clear by the section of the Civil Practice Act which prescribes the character of the execution or executions which must be issued upon such a judgment before an action can be brought against the surety upon the undertaking. (Civ. Prac. Act, § 1128.) That section provides: " A plaintiff who has recovered a final judgment cannot maintain an action against the sureties in an undertaking given in behalf of the defendant to procure a return of the chattel, or against the bail of a defendant who has been arrested, until after the return, wholly or partly unsatisfied or unexecuted, of an execution in his favor for the delivery of the possession of the chattel, or to satisfy

a sum of money out of the property of the defendant, or for both purposes, as the case requires. A defendant who has recovered a final judgment cannot maintain an action against the sureties in the plaintiff's undertaking given to procure a replevin until after a like return of a similar execution against the plaintiff." A judgment in proper form would have fixed the value of the chattel replevied, the amount of the defendant's damages arising from the seizure, and the two items together would have fixed the limit of the defendant's recovery. If an execution had been issued and the chattel returned to the defendant, the value of that chattel would have been deducted from the judgment. The surety is only liable for the value of the chattel " if possession is not delivered to the defendant." (Civ. Prac. Act, § 1124.) It is, therefore, a matter of real consequence to the surety that the judgment should be in proper form and that the executions provided for by statute should be issued and returned. The surety is not liable until all the statutory requirements have been complied with.

The motion for summary judgment should have been denied, as the complaint does not set forth a cause of action against the defendant.

The order granting summary judgment should be reversed upon the law and the judgment entered thereon vacated, with costs, and the motion denied, with ten dollars costs.

KELLY, P. J., MANNING, KAPPER and LAZANSKY, JJ., concur.

Order granting summary judgment reversed upon the law, and judgment entered thereon vacated, with costs, and the motion denied, with ten dollars costs.