THE PEOPLE OF THE STATE OF NEW YORK ex rel. GRACE A. GELTNER, Appellant, v. LORETTA CAVANAGH, Respondent.— The decision of this court handed down on February 17, 1933 [ante, p. 797], is hereby amended to read as follows: Order dismissing writ of habeas corpus affirmed. It was the intention of the court to leave the status of the child as provided in the order made by Mr. Justice Cropsey on January 6, 1930. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.

RIDGEWOOD GARAGE, INC., Respondent, v. THE FIDELITY AND CASUALTY COMPANY OF NEW YORK, Appellant.— Order of Appellate Term affirming judgment of the Municipal Court affirmed, with costs. No opinion. Carswell, Scudder and Davis, JJ., concur; Lazansky, P. J., and Kapper, J., dissent and vote for reversal and a dismissal of the complaint on authority of Tauber v. National Surety Co. (219 App. Div. 253) and H. T. C. Hotel Corporation v. Royal Indemnity Co. (225 id. 524).

MICHAEL RILEY, Appellant, v. UNITED STATES COMPANY BUILDINGS, INC., Respondent.— Order and judgment unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ.

LELAND Y. ROBINSON, Plaintiff, v. ANTONIA K. ZAK and LONG ISLAND STATE BANK AND TRUST COMPANY, as Executors, etc., of JOHANNA REMLING, Deceased, Respondents, Impleaded with THADDEUS C. SLAWSKI, Appellant.*— Order denying motion for payment to the appellant Slawski of moneys on deposit with the Long Island State Bank and Trust Company reversed on the law and the facts, without costs, and motion granted. The fund in question constitutes a special deposit to the credit of this litigation. No part of it belongs to the estate of Johanna Remling. Our affirmance (235 App. Div. 856) of the judgment rendered by the referee, and determining the amount to be recovered in the action brought by the appellant Slawski against Johanna Remling's executors, was for a sum exceeding the amount of the special deposit. The deposit had been originally in the hands of the county treasurer, subject to the outcome of this litigation; and its withdrawal from that depository to the defendant bank was for the sole purpose of obtaining a greater sum as interest than was obtainable by a continuance of the deposit with the county treasurer. As no part of this fund was the property of Johanna Remling, and the appellant having succeeded in his action, the fund, therefore, belongs to the appellant and is awarded to him. Lazansky, P. J., Kapper, Carswell, Scudder and Tompkins, JJ., concur.

WILLIAM ROTHERMEL, Appellant, v. H. C. ROULSTON, INC., Respondent.— Judgment and order unanimously affirmed, with costs. (Mieuli v. New York & Queens County R. Co., 136 App. Div. 373; Knapp v. Barrett, 216 N. Y. 226, 230.) Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ.