MATILDA KIMBURG, Plaintiff, *v.* KATHERINE MAYER, Defendant.

County Court, Rockland County, May 1, 1934.

*Dillon & Soll [Charles R. Soll* and *Irvin F. Dillon* of counsel], for the plaintiff.

*Henri Pressprich,* for the defendant.

SHERWOOD, J.   This is an action in replevin.   The complaint alleges ownership and detention by the defendant.   It does not ask for damages.   The answer does not deny ownership, but alleges that the jewelry, the subject-matter of the action, was deposited with the defendant as security for a loan.

At the time of the trial possession had been restored to the plaintiff.   On the trial the answer was amended over objection to demand a return of the jewelry.

The jury rendered a verdict that the jewelry was placed with the defendant for safe-keeping but not to secure a loan and that the plaintiff is entitled to it.   The jury did not fix the value of the jewelry.

The plaintiff asks to have the verdict corrected and the defendant asks for a new trial upon the ground that the jury did not find the value of the jewelry.

An action in replevin is a possessory action. Its purpose is to enable an owner to recover possession of personal property in the hands of another and in case the detention is unwarranted to recover damages for such unlawful detention.

Various sections of the article on replevin in the Civil Practice Act contain provisions intended to protect the rights of those who may have a special property or interest in the articles replevined by way of lien or otherwise, and to protect the owner where possession is in or awarded to one having a special interest in the article or articles which are the subject-matter of the action. The provisions for fixing the value is intended to cover such a situation.

In this case the only object in fixing the value of the jewelry would be to protect the rights of the defendant. But the jury has found in substance that the defendant has no interest in the jewelry. The defendant alleged the jewelry was pledged as security for a loan. The jury found against the defendant on this point.

The ownership by the plaintiff was conceded in the answer as it was alleged in the complaint and not denied. The plaintiff is in actual possession. The jury has found against the defendant upon the only issue between the parties, namely, the question whether the jewelry was pledged as security for a loan. Neither the provisions of section 1120 or 1121 of the Civil Practice Act are applicable to this case.

The jury has found that the plaintiff is entitled to possession and that the defendant has no interest in or lien upon it.

The plaintiff is entitled to a judgment awarding her possession of the jewelry. (*Retter* v. *Webber*, 217 App. Div. 193; *Fischer* v. *Cohen*, 22 Misc. 117; *Segelke* v. *Finan*, 48 Hun, 310.)

The motion of the plaintiff to amend the verdict to state the value of the jewerly is denied.

The motion of the defendant to set aside the verdict and for a new trial is denied.

Submit order on notice.