Morris E. Spector, J.
Plaintiff and third-party plaintiff’s motions for summary judgment are granted. Plaintiff’s action arises out of an agreement with defendant whereby, in order to induce plaintiff to purchase a fractional interest in certain Texas oil leases from certain parties (the third-party defendants herein), defendant guaranteed that, by a specified date, plaintiff £ 1 will have directly received income from the oil wells located on the leases purchased * * * at least equal to the amount of monies paid or required to be paid by (plaintiff) prior to that date, and such moneys shall be deemed to include not only the purchase price # * * but also all assessments or requirements in connection with the exploitation of the project ”, and in the event a lesser sum than that guaranteed is received by plaintiff, an option was afforded plaintiff within 30 days of the date specified, to demand that defendant purchase plaintiff’s interests in the leases in £< a sum equal to the difference between the monies paid or required of (plaintiff) * * * and the sums received * * * as income ”. It appears that, acting pursuant to the agreement, plaintiff informed defendant of his intention to exercise the afore-mentioned option, and was notified that defendant will not comply. Defendant does not deny his liability herein, but has refused to make any payments for fear that it might release as indemnitors the third-party defendants whom he has impleaded herein under an indemnity agreement executed by them whereby, to induce the defendant to make guarantees to plaintiff and other prospective purchasers, they agreed to ££ indemnify and hold (him) harmless, from any and all payments (he) may be called upon to make in connection with, or arising out of, the aforementioned guarantees ”.
In contesting these motions, the individual third-party defendants (it appears that the corporate third-party defendant was not served) heroically attempt to raise factual issues by describing in great detail various transactions involving the purchases here involved, much of which has no relevance to this action, *867 and none of which successfully overcomes the right to summary judgment. Their contention that, since plaintiff made certain assignments to the Mountain States Oil Finance Co., which assignments were part of the property plaintiff was to convey to defendant in the event he exercised his option under his agreement with defendant, plaintiff can no longer perform under the agreement, is without merit. The documentary proof submitted herewith proves conclusively that the assignments were part of a financing arrangement of which all the parties had complete knowledge, and in which all had participated or acquiesced. Their further contention that issues appear as to what “ income ” means under the guarantee agreement is specious. The intention of the guarantee agreement is clear. It pledges to make plaintiff whole at his option, in the event certain things do not occur at a given time. Whether or not he derived tax or other advantages from this operation is of no concern to his guarantor or his guarantor’s indemnitors. It does not appear that he is seeking herein anything more than he is entitled to under the guarantee agreement.
The third-party defendants also contend that the absence of an allegation, in the complaint, of tender of reconveyance or facts excusing such tender, should defeat the relief here sought. Examination of the complaint indicates, however, that plaintiff alleges he 1 ‘ duly exercised the aforesaid option ’ ’ and that defendant refused to honor it. It is recognized that, for a plaintiff to get summary judgment, it is essential that his complaint be legally sufficient (Tauber v. National Sur. Co., 219 App. Div. 253; 5 Carmody-Wait, New York Practice, p. 161). However, we have long departed from the era of technical pleading where absence of key phrases nullified causes of action. That the word “ tender ” was not actually used in the complaint does not destroy it, so long as the concept of tender is present. The fears of the third-party defendants that plaintiff may recover without surrendering his oil lease interests are unfounded. Plaintiff naturally will be required to convey his interests upon the collection of the judgment. The strained attempts to defeat the relief herein sought, by invoking the Texas Statute of Frauds, are completely devoid of merit. The contracts involved are New York agreements and, merely because they are ancillary to a purchase of interests in Texas oil leases, they do not by any stretch of the imagination acquire the character of land contracts.
Finally, the court recognizes that, under the type of indemnity agreement here involved, a cause of action does not accrue until *868 payment is actually made. An exception is made, however, in cases of third-party claims to avoid circuity of action (Matter of Valstrey Serv. Corp. v. Board of Elections, 2 N Y 2d 413).
The motion by the third-party defendants to dismiss the complaint is for the foregoing reasons denied.